UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC and COMCAST CABLE
COMMUNICATIONS, LLC

        Plaintiffs,

  - against -

MAXLINEAR, INC.

        Defendant.

Civil Action No. _____

## **COMPLAINT**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

*Attorneys for Plaintiffs Comcast Cable
Communications Management, LLC and
Comcast Cable Communications, LLC*

Plaintiffs Comcast Cable Communications Management, LLC and Comcast Cable Communications, LLC ("Plaintiffs" or "Comcast"), by and through their undersigned attorneys, as and for their Complaint against MaxLinear, Inc. ("Defendant" or "MaxLinear"), allege as follows:

## NATURE OF THE ACTION

1. This action arises from MaxLinear's breach of its contractual obligations to support millions of broadband gateways used to provide Internet service to Comcast customers. Over time, Comcast has purchased millions of broadband gateways for its customers that contain MaxLinear chips. As part of the parties' ongoing commercial relationship, MaxLinear has agreed to provide, pursuant to a Vendor Support Agreement ("VSA") and related Statement of Work ("SOW"), service and support to Comcast to maintain the broadband gateways so that Comcast's customers may continue to enjoy the high-quality Internet service Comcast provides. Comcast consistently has upheld its end of the bargain and recently was considering ways in which to broaden and expand its MaxLinear relationship.

2. But MaxLinear has taken a different approach. Rather than adhere to its contractual obligations, MaxLinear has attempted to terminate the VSA and SOW in breach of both Agreements as part of a transparent attempt to further its financial interests in patent litigation. MaxLinear previously had decided to assign part of its patent portfolio to a specialized entity that was formed to assert patent infringement claims (in which MaxLinear retains a financial interest) against a host of operating companies, including Comcast. But the problem for MaxLinear is that the VSA contains an express "covenant not to sue" Comcast that covers the patents it assigned and that runs with the patents, irrespective of who owns them. Rather than deal with the realities of the VSA's express terms, MaxLinear apparently thinks it

1

can render the covenant irrelevant by terminating—improperly—the VSA and SOW. It cannot do so, and its attempted termination is a clear violation of both Agreements.

3.   Each of the VSA and SOW contains a termination provision that prohibits MaxLinear's unilateral termination without the requisite notice. Specifically, the VSA provides that MaxLinear may terminate that agreement only "upon ninety (90) days' prior written notice to Comcast, if there has been no active SOW for a period of 1 year," while the SOW provides that "MaxLinear may terminate this SOW at any time upon one (1) years' written notice to Comcast."

4.   By letter dated May 18, 2023 (but not received by Comcast's procurement team until May 23, 2023), MaxLinear purported to terminate both the VSA and SOW, with no notice and without any recognition of the applicable termination provisions. By letter dated May 24, 2023, Comcast notified MaxLinear that it was in breach of both Agreements and asked MaxLinear to confirm that it was withdrawing its supposed termination notice and that it would continue to perform under the VSA and SOW. MaxLinear did not respond.

5.   In light of MaxLinear's improper attempted termination, Comcast brings the instant action to enforce its contractual rights and prevent MaxLinear from withholding the services it is contractually obligated to provide.

## THE PARTIES

6.   Plaintiff Comcast Cable Communications Management, LLC ("Comcast Management") is a Delaware limited liability company with a principal place of business at One Comcast Center, 1701 John F. Kennedy Blvd., Philadelphia, Pennsylvania 19103. Comcast Cable Communications Management, LLC is a citizen of Pennsylvania.

7.   Plaintiff Comcast Cable Communications, LLC ("Comcast Cable") is a Delaware limited liability company with a principal place of business at One Comcast Center, 1701 John F.

Kennedy Blvd., Philadelphia, Pennsylvania 19103.  Comcast Cable Communications, LLC is a citizen of Pennsylvania.

8. Defendant MaxLinear, Inc. is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 5966 La Place Court, Suite 100, Carlsbad, California 92008.

## JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties.  Plaintiffs Comcast Management and Comcast Cable are citizens of Pennsylvania for purposes of analysis under 28 U.S.C. § 1332.  Upon information and belief, Defendant MaxLinear, Inc. is a citizen of Delaware and/or California, but not Pennsylvania.

10. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

11. This Court has personal jurisdiction over Defendant in this District.  Pursuant to Section 14.1 of the VSA, MaxLinear agreed that "any claim or controversy arising out of or relating to this [VSA] shall be brought exclusively in federal or state court located in New York, New York and the Parties [including MaxLinear] hereby consent to personal jurisdiction and venue in such court."

12. This Court also has personal jurisdiction over Defendant because, on information and belief, Defendant has, and has had, continuous and systematic contacts with the State of New York, and has purposefully directed business activities at the State of New York.

13. Venue in this judicial district is proper under 28 U.S.C. § 1391 and Section 14.1 of the VSA.

## FACTUAL ALLEGATIONS

14.     Comcast is a major provider of telecommunication services, including Internet, cable television, and telephone services. Comcast provides broadband Internet services to over 30 million customers.

15.     MaxLinear manufactures chips used in certain broadband gateways that Comcast provides to its customers so that they may receive broadband Internet service.

**Comcast and MaxLinear Enter into the VSA and SOW**

16.     On August 1, 2020, Comcast Management, on behalf of its affiliates and subsidiaries (including Comcast Cable), and MaxLinear entered into the VSA, which sets out the terms and conditions pursuant to which MaxLinear provides support services to Comcast. The term of the VSA runs through July 31, 2026.

17.     Among other things, the VSA addresses certain intellectual property matters, including a covenant, on behalf of MaxLinear and its affiliates, not to sue Comcast Management and its affiliates for infringement of any MaxLinear or MaxLinear-affiliate patent during the term of the VSA:

> 7.3.    <u>Covenant Not to Assert</u>.  **During the Term**, **Vendor, on behalf of itself and all Affiliates (each, a "Vendor Covenanting Party")**, to the extent Comcast, Comcast's Affiliates, (each, a "Comcast Protected Party") have not willfully infringed a Vendor Covenanting Party's patent, copyright, or trademark, or knowingly misappropriated a Vendor Covenanting Party's trade secret, **covenants not to sue Comcast Protected Party for patent, copyright, or trademark infringement, or for misappropriation of trade secrets, as the case may be, with respect to Comcast Protected Party's purchase, use, or deployment of any product or service.**

18.     The VSA also contains a "Termination" provision that affords MaxLinear the right to terminate the VSA "upon ninety (90) days' prior written notice to Comcast, if there has been no active SOW for a period of 1 year."

4

19. The VSA further provides that Comcast may request MaxLinear provide certain services, including deliverables and support, to be described in a Statement of Work. Once a Statement of Work is executed by both parties, it is incorporated into and subject to the terms and condition of the VSA.

20. In November 2020, Comcast Management and MaxLinear executed the SOW, pursuant to which MaxLinear agreed to provide ongoing support services for certain broadband gateways that include one or more chips produced by MaxLinear. Specifically, under to the SOW, MaxLinear is obligated to provide "feature development, bug fixes, and security patches/fixes" for Comcast's BWG, XB3, XB6-CommScope, and XB7-CommScope gateways. The SOW also commits MaxLinear to provide, among other things, software and hardware warranties and to ensure continuity of supply for parts that meet Comcast's specifications. The term of the SOW runs through July 31, 2026.

21. At present, Comcast has deployed to customers over 14 million BWG, XB3, XB6-CommScope, and XB7-CommScope gateways containing MaxLinear chips. MaxLinear's role under the SOW is to provide support necessary to ensure that those devices continue working correctly.

22. The SOW remains active. Not only is it in place and operative, but MaxLinear also has been providing Comcast with ongoing support services pursuant to it, and has continued to address issues as they have arisen up to the date of this filing.

23. The SOW is subject to termination by MaxLinear only "upon one (1) years' written notice to Comcast."

**MaxLinear Assigns Its Patents Notwithstanding the VSA's Covenant Not to Sue**

24. On March 31, 2021, MaxLinear and its affiliate MaxLinear Communications LLC assigned their rights in certain U.S. patents (the "MaxLinear Patents") to Entropic. Entropic was created for the purpose of patent monetization, including through patent litigation.

25. The MaxLinear Patents remain encumbered by the VSA's covenant not to sue, even after the assignment to Entropic.

26. On February 10, 2023, Entropic filed two patent infringement lawsuits, asserting twenty patents, against Comcast in the United States District Court for the Central District of California (the "California Lawsuits"). *Entropic Commc'ns, LLC v. Comcast Corp. et al.*, C.A. No. 2:23-cv-01048-JWH-KES (C.D. Cal.); *Entropic Commc'ns, LLC v. Comcast Corp. et al.*, C.A. No. 2:23-cv-01050-JWH-KES (C.D. Cal.).

27. MaxLinear retains a financial interest in both California Lawsuits, and, on information and belief, obligated itself to assist and cooperate with Entropic in the monetization venture, including against Comcast.

28. Upon information and belief, MaxLinear did not disclose to Entropic the VSA's Covenant Not to Sue Comcast.

29. In light of the Covenant Not to Sue, on April 28, 2023, Peter Kiriacoulacos, Comcast's Chief Procurement Officer, spoke by phone with Kishore Seendripu, the CEO of MaxLinear. Mr. Kiriacoulacos asked Mr. Seendripu whether he was aware of the Covenant Not to Sue and conveyed that Comcast would like for Entropic to drop the California Litigations given the Covenant. Mr. Seendripu conveyed that MaxLinear would not take any action to honor the Covenant Not to Sue, but acknowledged that MaxLinear had a financial interest in the California Lawsuits.

30. On May 15, 2023, Comcast moved to dismiss the California Lawsuits in part with respect to Entropic's willful infringement claim. Then, on May 22, 2023, Comcast moved to dismiss the California Lawsuits for lack of jurisdiction based on the VSA's Covenant Not to Sue.

**MaxLinear Breaches the VSA and SOW by Improperly Attempting to Terminate**

31. On May 18, 2023, William Torgerson, Vice President and General Manager of MaxLinear's Broadband Group met with Jon Cave, Comcast's Senior Vice President of Broadband, Xfinity Home, and Entertainment Devices, Product Strategy, and Management as part of their ordinary course business relationship.

32. During that meeting, Mr. Torgerson raised the patent infringement claims against Comcast and questioned how those might impact Comcast's and MaxLinear's relationship. As part of that discussion, Mr. Torgerson communicated to Mr. Cave that Mr. Seendripu intended to terminate the VSA and implied that such termination was an attempt to terminate the Covenant Not to Sue so that Entropic would be free to pursue its patent infringement claims against Comcast. Mr. Torgerson stated that he thought Mr. Seendripu would abide by the terms of the VSA only if Comcast could convince him that "there is a solid chance of business" between MaxLinear and Comcast.

33. On May 19, 2023, Mr. Seendripu sent an email to Charlie Herrin, Comcast Cable's President of Technology, Product, Experience. In that email, Mr. Seendripu requested a meeting with Mr. Herrin to discuss "opportunities to work together" moving forward. Mr. Seendripu's email made no mention of any termination of the VSA or SOW or of any intention to terminate those agreements. Mr. Seendripu and Mr. Herrin agreed to meet remotely on May 25, 2023.

34. On May 23, 2023, Comcast's procurement team received a letter signed by Steven Litchfield, MaxLinear's CFO, that purported to terminate the VSA and SOW (the "Termination Letter"). The Termination Letter, which is dated May 18, 2023, reads in its entirety:

> This letter serves as MaxLinear, Inc.'s written notice to Comcast Cable Management Communications, LLC [sic] ("Comcast") of termination of the Vendor Support Agreement dated as of August 1, 2020 (the "Agreement"), including termination of Statement of Work #1 related thereto.

35. In a letter dated May 24, 2023, Mr. Kiriacoulacos responded to Mr. Litchfield, informing him that the Termination Letter constituted a breach of the VSA and SOW. Mr. Kiriacoulacos requested that MaxLinear withdraw its attempted termination and confirm by 5:00 p.m. ET on May 25, 2023, that it will continue to perform the services it is obligated to perform under the two agreements.

36. Mr. Herrin and Mr. Seendripu held a remote meeting on May 25, 2023, as previously planned. Mr. Herrin informed Mr. Seendrpu that MaxLinear's attempts to terminate the VSA and SOW were improper. Mr. Seendripu stated that counsel advised him to "cancel" the VSA in order to free the MaxLinear patents from the VSA's protections, i.e. the Covenant Not to Sue. Mr. Seendripu did not agree to withdraw the Termination Letter.

37. MaxLinear did not respond to Comcast's May 24, 2023 letter.

## CAUSES OF ACTION

### COUNT I
### (Breach of Contract)

38. Comcast realleges, adopts and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

39. Comcast and MaxLinear are parties to the VSA, a valid and binding contract governed by New York law.

8

40. Comcast and MaxLinear are parties to the SOW, a valid and binding contract governed by New York law.

41. Comcast performed all its obligations under both the VSA and SOW and is ready, willing, and able to perform its remaining obligations under the VSA and SOW.

42. MaxLinear has breached the VSA and SOW by attempting to terminate both agreements without complying with their respective termination provisions. MaxLinear is not excused from performing its obligations under the either agreement.

43. MaxLinear's breach will cause Comcast to suffer harm, including, but not limited to, reputational harm, damage to customer goodwill, reduced standing in the relevant market, and monetary damages.

**COUNT II**
**(Declaratory Judgment)**

44. Comcast realleges, adopts and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

45. Comcast is entitled to a declaratory judgment that MaxLinear's termination notice to Comcast is invalid and that both the VSA and the SOW remain in full force and effect.

46. Because MaxLinear has breached the VSA as alleged herein, there is a substantial, justiciable controversy between Comcast and MaxLinear sufficient to warrant a declaratory judgment of their respective rights and duties.

47. MaxLinear's conduct also creates a threat of actual and imminent injury to Comcast that can be redressed only by judicial relief; that injury is sufficiently immediate and real to warrant the issuance of a declaratory judgment. Such injury includes, among other things, the immediate risk that Comcast will be deprived of its bargained-for notice of termination and will be left without essential services MaxLinear provides under the VSA.

48. Absent the requested declaration, MaxLinear will prematurely terminate the VSA in breach of its terms and deprive Comcast of its bargained-for notice of termination and the essential services MaxLinear is obligated to provide.

49. Comcast seeks a declaration from this Court pursuant to 28 U.S.C. § 2201 that MaxLinear's termination notice to Comcast is invalid and that both the VSA and the SOW remain in full force and effect.

## PRAYER FOR RELIEF

**WHEREFORE**, Comcast prays that judgment be entered in its favor and prays for:

a) A judgment and declaration that MaxLinear's termination notice to Comcast is invalid and that both the VSA and the SOW remain in full force and effect;

b) Orders granting preliminary and permanent injunctive relief prohibiting MaxLinear from prematurely terminating the VSA and SOW and ordering MaxLinear to specifically perform its obligations under both agreements;

c) An order and judgment that MaxLinear breached the VSA and SOW, and an award to Comcast for all monetary damages to which Comcast is entitled by law;

d) An award to Comcast of its costs, attorneys' fees, and reasonable expenses of litigation to the fullest extent permitted by law;

e) An order awarding pre- and post-judgment interest to Comcast; and

f) Such further equitable or other relief as the Court deems just and proper.

| | |
|---|---|
| Dated: New York, New York<br>May 26, 2023 | Respectfully submitted,<br><br>**DAVIS POLK & WARDWELL LLP**<br><br>*/s/ Dana M. Seshens*<br>Dana M. Seshens<br><br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone:   (212) 450-4000<br>Facsimile:    (212) 701-5800<br>dana.seshens@davispolk.com<br><br> – and –<br><br>David J. Lisson*<br><br>1600 El Camino Real<br>Menlo Park, California 94025<br>Telephone:   (650) 752-2000<br>Facsimile:    (650) 752-2111<br>david.lisson@davispolk.com<br><br>\**pro hac vice* application forthcoming<br><br>*Attorneys for Plaintiffs Comcast Cable Communications Management, LLC and Comcast Cable Communications, LLC* |

11