# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

Atif Khawaja, P.C.
To Call Writer Directly:
+1 212 446 4749
atif.khawaja@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

July 14, 2023

*[Handwritten note: Time to file is enlarged one week. The parties shall meet and confer during this period, and then renew the application. 7-17-23 /s/ Hellerstein]*

Honorable Alvin K. Hellerstein
United States District Court for
 the Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Comcast Cable Communications Management, LLC, et al. v. MaxLinear, Inc.*, Case No. 1:23-cv-04436 (S.D.N.Y)

Dear Your Honor:

We represent Defendant MaxLinear, Inc. ("MaxLinear") in the above captioned matter. MaxLinear requests permission to file the following documents in partially redacted form and to file unredacted versions of the same conditionally under seal:

- Defendant MaxLinear, Inc.'s Memorandum of Law in Opposition to Plaintiffs' Application for a Preliminary Injunction (the "Opposition Brief");
- Excerpts from the July 7, 2023 deposition of Peter Kiriacoulacos, attached as Exhibit 1 to the Declaration of Atif Khawaja (the "Khawaja Declaration");
- Excerpts from the July 11, 2023 deposition of Charlie Herrin, attached as Exhibit 2 to the Khawaja Declaration;
- Excerpts from the July 12, 2023 deposition of Jon Cave, attached as Exhibit C to the Khawaja Declaration; and
- The Declaration of William Torgerson in Support of Defendant's Opposition to Plaintiffs' Application for a Preliminary Injunction (the "Torgerson Declaration").

MaxLinear is well aware of the stringent standard for sealing documents. Consistent with Rule 4(B)(ii) of the Court's Individual Rules and the parties' proposed Protective Order, *see* ECF 36, MaxLinear will meet and confer in the next three days with Plaintiffs Comcast Cable Communications Management, LLC and Comcast Cable Communications, LLC ("Comcast") to discuss the scope of these redactions—many of which are based on Comcast's blanket assertion of a "Highly Confidential" Protective Order designation to all witness testimony. At the same

## KIRKLAND & ELLIS LLP

Honorable Alvin K. Hellerstein
July 14, 2023
Page 2

time, the parties will meet and confer about the scope of proposed redactions in Comcast's earlier filings (ECF 9–16), which Comcast has to date never raised with MaxLinear. Following the meet and confer, the parties will update the Court on their respective redaction requests.

Until then, MaxLinear respectfully requests the partial redaction of its filings. While there is a presumptive right of public access to judicial documents, that right is "not absolute." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). In evaluating whether to grant a sealing request, the court must evaluate several factors: (1) whether the document qualifies as a judicial document; (2) the weight of the presumption of public access; and (3) whether any countervailing factors or higher values outweigh the right of public access to the judicial document. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).

Beyond the Comcast witness testimony that Comcast has blanketly labeled as nonpublic and "Highly Confidential," MaxLinear requests to redact and file under seal minimal portions of the Torgerson Declaration and the Opposition Brief discussing competitively sensitive MaxLinear information. The proposed redactions reflect business information regarding the relationship between MaxLinear and Comcast, including pricing terms, perks, and other business terms of the parties' relationship. This information is kept confidential by MaxLinear and is valuable to its competitors and those it may do business with.

Courts in this District "routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information," as is the case here. *In re B&C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023); *see also Rubik's Brand Ltd. v. Flembeau, Inc.*, 2021 WL 1085338, at *1–2 (S.D.N.Y. Mar. 22, 2021) (granting motions to seal confidential and competitively sensitive business information contained in business agreements in order to protect "competitive interests"); *Graczyk v. Verizon Commc'ns, Inc.*, 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (granting motion to seal financial information that could harm competitive standing). Disclosure of this MaxLinear information could result in financial harm to MaxLinear, including to its competitive standing. MaxLinear has narrowly tailored its proposed redactions to seal only information that could cause it such harm. *See, e.g.*, *Lugosch*, 435 F.3d at 120. Thus, any minimal public interest in the confidential terms of MaxLinear's relationship with Comcast is greatly outweighed by the harm MaxLinear would suffer from such disclosure.

In accordance with Rule 4 of the Court's Individual Rules, MaxLinear has filed under seal versions and public versions of the above-referenced filings with this letter.

## KIRKLAND & ELLIS LLP

Honorable Alvin K. Hellerstein
July 14, 2023
Page 3

                                              Respectfully submitted,

                                              */s/ Atif Khawaja, P.C.*

                                              Atif Khawaja, P.C.

Cc:    All Counsel of Record (via ECF)

Judge wrote:

"Time to file is enlarged one week. The parties shall meet and confer during this period, and then renew the application.

7-17-23
Alvin K. Hellerstein"