# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  | 601 Lexington Avenue<br>New York, NY 10022<br>United States |  |
|---|---|---|
| Atif Khawaja, P.C.<br>To Call Writer Directly:<br>+1 212 446 4749<br>atif.khawaja@kirkland.com | +1 212 446 4800<br>www.kirkland.com | Facsimile:<br>+1 212 446 4900 |

July 26, 2023

SO ORDERED.

/s/ Alvin Hellerstein
July 27, 2023

The Honorable Alvin K. Hellerstein
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

> Re: *Comcast Cable Communications Management, LLC, et al. v. MaxLinear, Inc.*, No. 23-cv-04436

Dear Judge Hellerstein:

We represent Defendant MaxLinear, Inc. ("MaxLinear") in the above-captioned matter. Pursuant to the Court's July 19, 2023 order (ECF 48), we write jointly with Plaintiffs Comcast Cable Communications Management, LLC and Comcast Cable Communications, LLC (collectively, "Comcast") to respectfully request the Court accept the parties' proposed sealed and redacted versions of MaxLinear's preliminary injunction opposition (ECF 39–44).

The parties are pleased to report that they have conferred and agreed to eliminate a substantial number of proposed initial redactions. The parties now seek to redact only commercially sensitive information that both sides agree should remain under seal. Specifically, MaxLinear and Comcast respectfully submit that sealing is warranted as to:

- Lines 115:1-4, 16-24 from the July 7, 2023 deposition of Peter Kiriacoulacos, attached as Exhibit 1 ("Exhibit 1") to the Declaration of Atif Khawaja (the "Khawaja Declaration") (ECF 41-1);

- Lines 88:1-9, 12-14, 23-24; 89:1, 3-4, 6-9, 15-21; 97:3-8, 11-19, 22-23; 98:1-6, 9, 11-17, 19-22; 101:4-8, 10-12, 15-17, 21-24 from the July 11, 2023 deposition of Charlie Herrin, attached as Exhibit 2 to the Khawaja Declaration ("Exhibit 2") (ECF 41-2);

- Lines 28:12-15, 19-24; 29:13-24; 45:12-15, 17-23; 136:2-23; 138:1-2, 4-8, 10-18, 20-22, 24; 158:1, 3-8, 10-14, 16-19, 24; 159:1-7, 10-17, 19-24 from the July 12, 2023 deposition of Jon Cave, attached as Exhibit 3 to the Khawaja Declaration ("Exhibit 3") (ECF 41-3);

**KIRKLAND & ELLIS LLP**

Honorable Alvin K. Hellerstein
July 26, 2023
Page 2

- Portions of paragraphs 3, 10, 12, 13, and 14 from the Declaration of William Torgerson in Support of Defendant's Opposition to Plaintiffs' Application for a Preliminary Injunction (the "Torgerson Declaration") (ECF 43); and

- Portions of Defendant MaxLinear, Inc.'s Memorandum of Law in Opposition to Plaintiffs' Application for a Preliminary Injunction (the "Opposition Brief") (ECF 39) that cite the above-referenced materials or specific provisions of the VSA and SOW.

Having conferred, neither party objects to the other's requests as articulated here. Courts in this District "routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information." *In re B&C Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023); *see also Rubik's Brand Ltd. v. Flembeau, Inc.*, 2021 WL 1085338, at *1–2 (S.D.N.Y. Mar. 22, 2021) (granting motions to seal confidential and competitively sensitive business information contained in business agreements in order to protect "competitive interests"). In particular, parties have a serious interest in protecting from disclosure "business information that might harm a litigant's competitive standing." *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Secs. Dealers, Inc.*, 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) (quotations omitted). The information that the parties seek to redact meets the standard for sealing.

The proposed limited redactions are necessary to the parties as they protect sensitive information regarding MaxLinear and Comcast's businesses, including pricing terms, confidential information regarding business operations, and other business terms of the parties' relationship with each other and third-party vendors. If filed publicly, MaxLinear and Comcast's competitors and potential future customers would have access to this information, which could cause the parties financial harm and competitive disadvantage in the marketplace. *See, e.g.*, *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (sealing material that "may provide valuable insights into a company's current business practices that a competitor would seek to exploit" (quotations omitted)). Accordingly, the parties submit that the sealing of the above-referenced materials is appropriate and request that the Court accept the narrowly tailored redactions outlined above.[1]

*   *   *

As required by Rule 4(B)(ii) of the Court's Individual Rules, the parties submit herewith:

---

[1] Comcast further submits that its May 30, 2023 letter motion to seal certain documents filed in connection with its application for a preliminary injunction (ECF 8) should be granted for the reasons set forth therein. The parties have met and conferred, and MaxLinear does not oppose that letter motion.

**KIRKLAND & ELLIS LLP**

Honorable Alvin K. Hellerstein
July 26, 2023
Page 3

     (i) unredacted copies of the Opposition Brief, Exhibits 1–3, and the Torgerson Declaration, which, if the parties' requests were granted, would be placed under permanent seal; and

     (ii) proposed public versions of the Opposition Brief, Exhibits 1–3, and the Torgerson Declaration.

     We are of course available to provide any additional information helpful to the Court and thank the Court for its consideration of this request.

Respectfully submitted,　　　　　　　　　　Respectfully submitted,

*/s/ Dana M. Seshens*　　　　　　　　　　　*/s/ Atif Khawaja*
Dana M. Seshens　　　　　　　　　　　　　Atif Khawaja
*Counsel for Plaintiffs*　　　　　　　　　　　*Counsel for Defendant*


cc:　All Counsel of Record (via ECF)


**SO ORDERED:**

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　**The Honorable Alvin K. Hellerstein**
　　　　　　　　　　　　　　　　　　　　**United States District Judge**