**Davis Polk**

Dana M. Seshens
+1 212 450 4855
dana.seshens@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

August 9, 2023

Re: *Comcast Cable Communications Management, LLC, et al. v. MaxLinear, Inc.*, No. 23-cv-04436-AKH

The Honorable Alvin K. Hellerstein
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

SO ORDERED.

/s/ Alvin Hellerstein
August 10, 2023

Dear Judge Hellerstein:

We represent Plaintiffs Comcast Cable Communications Management, LLC and Comcast Cable Communications, LLC (collectively, "Plaintiffs" or "Comcast") in the above-referenced action. We write pursuant to Rule 4(B)(ii) of Your Honor's Individual Rules and the parties' Proposed Protective Order (ECF No. 36) to respectfully request permission to file the following documents in redacted form and to file the unredacted versions of the same under seal:

- Plaintiffs' Reply Memorandum of Law in Further Support of Plaintiffs' Application for a Preliminary Injunction (the "Reply Brief");

- Excerpts from the deposition of Jon Cave, Exhibit G to the Reply Declaration of Dana M. Seshens in Further Support of Plaintiffs' Application for a Preliminary Injunction ("Seshens Reply Declaration");

- A confidential agreement appended to the June 21, 2023 letter from Dana Seshens to Judson Brown, Exhibit H to the Seshens Reply Declaration;

- Excerpts from the deposition of Charlie Herrin, Exhibit L to the Seshens Reply Declaration; and

- Excerpts from the deposition of Peter Kiriacoulacos, Exhibit M to the Seshens Reply Declaration.[1]

A party may file documents under seal where "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citation omitted). Among those higher values, good cause exists to protect from public disclosure confidential business or commercial information. *See, e.g.*, *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) ("The interest in protecting business information that might harm a litigant's competitive standing has, at a minimum, been recognized by the Supreme Court as potentially sufficient to defeat the common law presumption of access." (citation and quotations omitted)), *aff'd sub nom Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009).

Here, Comcast seeks to redact certain information in the Reply Brief and Exhibits G, H, L, and M that reflect (1) confidential business information about Comcast's commercial arrangement with certain

---

[1] The parties have met and conferred, and MaxLinear has advised that, pending review of Comcast's specific proposed redactions upon filing, it does not oppose this request.

# Davis Polk

vendors, including confidential terms of its arrangements with MaxLinear and other non-party vendors, and (2) sensitive market information about Comcast's broadband Internet business and customers.  If the information that is the subject of Comcast's redaction request were disclosed publicly, Comcast would experience "financial harm" and "competitive disadvantage" because Comcast's competitors would have access to the information.  *See e.g.*, *Standard Inv. Chartered*, 347 F. App'x at 617 (affirming district court's decision to protect from disclosure information that could cause "significant competitive disadvantage" to the defendant, including by allowing a competitor to "deduce [the defendant]'s negotiation tactics"); *News Corp. v. CB Neptune Holdings, LLC*, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (sealing information that would likely result in competitive harm).  Among other things, publicizing the commercial terms of Comcast's vendor relationships could put Comcast and/or its vendors at a disadvantage in future negotiations if third-party competitors had access to them.  *See Standard Inv. Chartered*, 347 F. App'x at 617 (sealing information that would allow a competitor to "deduce [the defendant]'s negotiation tactics"); *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) (granting motion to seal documents containing terms of agreements between the company and third parties because disclosure "could harm the [company] and/or its business partners by disadvantaging them in negotiating future…agreements").  Further, the information therein related to Comcast's confidential business information and strategies, if disclosed, "may provide valuable insights into a company's current business practices that a competitor would seek to exploit."  *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (citation omitted).

Moreover, if certain of the redacted information were to become public, nefarious actors could exploit this information to violate "the privacy interests of third parties," which "'should weigh heavily in a court's balancing equation' when deciding whether to seal certain materials."  *See Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2023 WL 3477552, at *6 (S.D.N.Y. May 16, 2023) (quoting *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020)).  Accordingly, any public interest in gaining access to these materials is outweighed by the parties' commercial interests, the interests of Comcast's broadband customers, and the financial harm and commercial disadvantages that Comcast may suffer as a result of disclosure.  Indeed, the Court has previously permitted redactions similar in nature and scope at the request of both Comcast and MaxLinear.  (*See* ECF No. 56.)

For the foregoing reasons, Comcast respectfully requests that the Court accept the narrowly tailored redacted versions of the Reply Brief and Exhibits G, H, L, and M.

*      *      *

As required by Rule 4(B)(ii) of Your Honor's Individual Rules, a complete set of the aforementioned documents, with redactions, is filed herewith on the public docket, and a second complete set of the same, with the redactions highlighted, is filed herewith under seal.

We are available to provide any additional information that would be helpful to the Court and thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Dana M. Seshens*

Dana M. Seshens

cc:     All Counsel of Record (via ECF)

**Electronic Filing**