UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC; AND COMCAST CABLE COMMUNICATIONS, LLC<br><br>        Plaintiffs-Counterclaim Defendants,<br><br>        v.<br><br>MAXLINEAR, INC.<br><br>        Defendant-Counterclaim Plaintiff. | Civil Action No. 1:23-cv-04436-AKH |

## [~~PROPOSED~~] AMENDED STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) and the Local Rules of this Court governing disclosure and discovery, and upon the agreement and stipulation of the parties (the "Parties" and each, individually, a "Party"), to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential material, and ensure that protection is afforded to materials so entitled in this action (the "Action"), the Court enters this protective order (the "Protective Order" or "Order"). This Protective Order is binding on the current Parties and any person or entity that in the future becomes a Party in this Action, as well as their respective attorneys, agents, representatives, officers and employees, and others as set forth herein. This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.

## I.    DEFINITIONS

1.    Action: The above-captioned action.

2.    Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

3.   Confidential Material: Any Discovery Material that is designated as Confidential and that the Designating Party believes in good faith  (or with respect to Discovery Material received from another person, has been reasonably advised by such other person) that: (i) such Discovery Material (A) constitutes or contains nonpublic proprietary or confidential technical, business, financial, personal or other information of a nature that can be protected under Federal Rule of Civil Procedure 26(c) or (B) is subject by law or by contract to a legally protected right of privacy; or (ii) a Producing Party (A) is under a preexisting obligation to a third-party to treat such Discovery Material as confidential or (B) has in good faith been requested by another Party or Non-Party to so designate such Discovery Material on the grounds that such other Party or Non-Party considers such Discovery Material to contain information that is confidential or proprietary to such Party or Non-Party.  However, nothing in this Order shall limit a Party's obligation to produce relevant and responsive documents pursuant to Fed. R. Civ. P. 26(a).

4.   Consultant: Individuals or entities that work for a Party as an independent contractor and/or consultant in the day-to-day course of business unrelated to the Action, excluding any consultants hired as a result of the Action.

5.   Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

6.   Designating Party: A Party or Non-Party that designates information or items that it produces in discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

7.    Disclosure or Discovery Material: All documents, items, or other information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this Action.  This includes any material produced, filed, or served by any Party or Non-Party during discovery in this Action, or any information included in any such material.  This further includes all information contained in produced documents, including without limitation electronically stored information ("ESI") and metadata. Discovery Material may include, but is not limited to, deposition testimony and transcripts, and documents and tangible things produced by a Party or Non-Party (whether produced pursuant to Federal Rule of Civil Procedure 34, subpoena, or otherwise).  Discovery Material produced, exchanged, or disclosed in this Action shall be used only for the purposes of this Action, and not for any other proceeding, or for any other business, competitive, personal, private, public, or other purpose.

8.    Expert: A person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in connection with this action and is not a current employee or contractor of a Party or of a Party's competitor or, at the time of retention, anticipated to become an employee or contractor of a Party or of a Party's competitor.

9.    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: "Confidential Material" that the Producing Party reasonably and in good

faith believes is so highly sensitive that its disclosure to another Party or Non-Party would create a substantial risk of serious harm to the Designating Party (including but not limited to harm of a competitive or commercial nature) that could not be avoided by less restrictive means.

10. <u>In-House Counsel</u>: Attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

11. <u>Non-Party</u>: Any natural person or entity that is not a Party.

12. <u>Outside Counsel of Record</u>: Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

13. <u>Party</u>: Any party to the Action, including all of its officers, directors, Consultants and employees.

14. <u>Privilege</u>: The attorney-client privilege, the work-product doctrine, the common-interest doctrine, or any other privilege, protection, or immunity recognized by law.

15. <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material.

16. <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

17. <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

18. <u>Receiving Party</u>: A Party or Non-Party that receives Disclosure or Discovery Material from a Producing Party.

## II.   <u>CONFIDENTIALITY</u>

1. <u>Confidentiality Designations</u>: Discovery Material may be designated by the Producing Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (collectively, "Protected Material").[1]  The Parties shall make confidentiality designations in good faith to ensure that only those documents or information that merit Protected Material treatment are so designated.

2. <u>Standard for Protected Material</u>: The standard for Protected Material is Discovery Material that has not been made public by the Producing Party, and that the Producing Party reasonably and in good faith believes qualifies for protection under standards developed under Federal Rule of Civil Procedure 26(c),

---

[1] In the event one or more parties needs to produce source code, the parties will negotiate a supplement to this Order and the "Protocol for the Discovery of Electronically Stored Information" to govern such production.  In the event that one or more parties reasonably believes its Protected Material, or any part of it, to be subject to federal, state or foreign Data Protection Laws or other privacy obligations (including, without limitation, The Gramm-Leach-Biley Act, 15 U.S.C. § 6801 et seq. (financial information); The Health Insurance Portability and Accountability Act ("HIPAA") and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); Regulation (EU) 2016/679 Of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data, also known as the General Data Protection Regulation ("GDPR"), or the California Consumer Privacy Act of 2018 ("CCPA"), Cal. Civil Code §§ 1798.100-1798.199.100), the Parties agree that productions of such data may require additional safeguards pursuant to federal, state or foreign statutes, regulations or privacy obligations and will meet and confer in advance of any such productions to implement these safeguards if and when needed.

including, but not limited to, non-public, proprietary, or confidential business, personal, or financial information.

3.    <u>Procedure for Confidentiality Designations</u>:

   a.    <u>Designation</u>: To designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" the Producing Party must mark it or identify it on the record as such.

   b.    <u>Marking Documents</u>: All or any part of a document, tangible object, discovery response, or pleading disclosed, produced, or filed by a Producing Party may be designated Protected Material by marking the words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or substantially equivalent language on the face of the document and each page so designated. Such markings should not obliterate or obscure the content of the material that is produced. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted. With respect to tangible items or ESI produced in native format, the appropriate legend shall be marked on the face of the tangible item or media containing ESI, if practicable, or by written notice to the Receiving Party at the time of disclosure, production, or filing that such tangible item or media is Protected Material or contains such information. A Party or Non-Party that makes original documents or materials available for inspection

need not designate them for protection until after the inspecting Party has

indicated which material it would like copied and produced.  During the

inspection and before the designation, all of the material made available

for inspection shall be deemed "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY."  After the inspecting Party has identified

the documents it wants copied and produced, the Producing Party must

determine which documents, or portions thereof, qualify for protection

under this Order.  Then, before producing the specified documents, the

Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each

page that contains Protected Material.  If only a portion or portions of the

material on a page qualifies for protection, the Producing Party also must

clearly identify the protected portion(s) (e.g., by making appropriate

markings in the margins) and must specify, for each portion, the level of

protection being asserted.  In all cases, the designation of Discovery

Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEY EYES ONLY" shall constitute a representation that there is

a good-faith basis for that designation.

c.  <u>Marking Testimony</u>: For testimony given in deposition or other pretrial

proceedings, parties and deponents may, on the record during the

deposition or other proceeding, or at any other time within five (5) days of

the deposition or other proceeding, designate the transcript or pages

thereof (and exhibits thereto) as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY." Deposition testimony shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pending the five (5) day deadline. A Party thereafter seeking to assert inadvertent failure to designate deposition testimony shall do so on motion to the Court and shall have the burden of showing grounds for relief. Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the certification in the form attached hereto as Appendix A are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 5-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.

After the expiration of that period, the transcript shall be treated only as actually designated.

d.  <u>Marking Other Information and Tangible Items</u>: The Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

e.  <u>Inadvertent Failures to Designate</u>: Other than testimony subject to the inadvertent-failure-to-designate provisions of Paragraph II.3(c) of this Order, the inadvertent failure to designate particular Discovery Material as Protected at the time of production shall not operate to waive a Party's or Non-Party's right to later designate such Discovery Material as Protected. Any correction and notice of the correction shall be made in writing, accompanied by substitute copies of each item of Discovery Material, properly marked with the level of protection being asserted in accordance with Paragraph II.3(b) of this Order. Thereafter, the Receiving Party must immediately return to the Producing Party or, at the Receiving Party's election, destroy the original Protected Material and all copies of the same and make no use of such information. No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material has been disclosed or used in a manner inconsistent

with the later designation.  If the Discovery Material that was

inadvertently not designated is, by the time of the later designation, filed

with a court on the public record, the Party or Non-Party that failed to

make the designation shall move for appropriate relief.

4.  Redaction for Privilege or Protection: Any Producing Party may redact from the

Discovery Materials it produces any matter that the Producing Party claims is

subject to attorney-client privilege, work-product protection, or any other

privilege or immunity.  For each Discovery Material withheld or redacted based

upon privileged or immune material, the Producing Party shall disclose a privilege

log at the time its production has concluded which sets forth the basis of the

privilege being asserted and sufficiently describes the subject matter and

characteristics of the information being withheld consistent with Southern District

of New York Local Rule 26.2(c).

5.  Challenges to Confidentiality Designations:

a.  A Party may at any time, in good faith, object to the propriety of a

confidentiality designation for specific Discovery Material, by serving by

email a written objection upon the Producing Party's or Non-Party's

Counsel.  Within five (5) days following the service of an objection, the

Parties will meet and confer by phone concerning the objection.  If after

five (5) days following the meet and confer, the Producing Party does not

agree to change the designation of the Discovery Material, the objecting

Party may seek expedited relief from the Court.  Upon motion, the Court

may order the removal of the "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation from the Discovery material so designated.  In connection with any request for relief from the Court, the Producing Party shall bear the burden of proof.

b.     Pending the Court's resolution of any dispute over the confidentiality designation to be applied to Discovery Material, the confidentiality designation shall apply.  Any motion with respect to the confidentiality of Discovery Material shall, if appropriate, be filed under seal.

## III.   ACCESS TO AND USE OF PROTECTED MATERIAL

1.   Basic Principles: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Paragraph III.6 below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

2.   Disclosure of "CONFIDENTIAL" Information or Items: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.     The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.      The officers, directors, Consultants, and employees (including In-House
Counsel) of the Receiving Party to whom disclosure is reasonably
necessary for this Action;

c.      Experts (as defined in this Order), including expert witnesses and expert
consultants, of the Receiving Party to whom disclosure is reasonably
necessary for this Action, provided that, before access is given, the expert
witness or consultant has completed the Undertaking attached as
Appendix A hereto and the same is served upon the producing Party with
a current curriculum vitae of the expert witness or consultant including an
identification of his/her (i) current employer(s), (ii) each person or entity
from whom s/he has received compensation from for work (as an
employee, consultant, contractor, or the like) within the preceding three
years, and a brief description of the subject matter of the work for which
s/he was compensated; (iii) each case or proceeding in which the
individual has provided a report, a declaration, or testified (at trial or
deposition) within the last five years, at least ten (10) days before access to
the Protected Material is to be given to that expert witness or consultant so
that the producing Party may object to and notify the receiving Party in
writing that it objects to disclosure of Protected Material to the expert
witness or consultant. The Parties agree to promptly confer and use good
faith to resolve any such objection. If the Parties are unable to resolve any
objection, the objecting Party may file a motion with the Court within
fifteen (15) days of the notice, or within such other time as the Parties may

agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

d.    This Court, any appellate court(s) to which an appeal of this Action is taken, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony, argument, or at any deposition, hearing, trial or appeal in this Action;

e.    Court reporters and their staff;

f.    Professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed a certification in the form attached hereto as Appendix A;

g.    Any person designated by the Court upon such terms as the Court may deem proper;

h.    Deponents and trial witnesses who have a reasonable need to see the Protected Material in order to provide testimony;

i.    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

j.    Any other persons specified in Paragraph III.3; and

k.    Other persons only by written consent of the Producing Party.

3.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Unless otherwise ordered by the Court or permitted in

writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

a.  The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.  The In-House Counsel of the Receiving Party identified and pre-approved below, in-subsection 3.b.i., who have signed a certification in the form attached hereto as Appendix A;

  Subsection 3.b.i.

  1) Comcast's Designated Persons
    - David L. Marcus
    - Kevin Chung
  2) MaxLinear's Designated Persons
    - Michelle Sayer
    - Rohan Virginkar

c.  Experts (as defined in this Order), including expert witnesses and expert consultants, of the Receiving Party to whom disclosure is reasonably necessary for this Action, provided that, before access is given, the expert witness or consultant has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the expert witness or consultant including an identification of his/her (i) current employer(s), (ii) each person or entity

14

from whom s/he has received compensation from for work (as an employee, consultant, contractor, or the like) within the preceding three years, and a brief description of the subject matter of the work for which s/he was compensated; (iii) each case or proceeding in which the individual has provided a report, a declaration, or testified (at trial or deposition) within the last five years, at least ten (10) days before access to the Protected Material is to be given to that expert witness or consultant so that the producing Party may object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the expert witness or consultant. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

d.   This Court, any appellate court(s) to which an appeal of this Action is taken, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony, argument, or at any deposition, hearing, trial or appeal in this Action;

e.   Court reporters and their staff;

f.   Professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the certificate attached hereto as Appendix A;

g.   Deponents and trial witnesses who have a reasonable need to see the Protected Material in order to provide testimony and who have signed the certificate attached hereto as Appendix A;

h.   The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

i.   Other persons only by written consent of the Producing Party.

4.   Use of Protected Material:

a.   Restricted to This Proceeding: All Discovery Material produced, or information derived therefrom, including but not limited to Confidential Material, shall be used solely for the purposes of the Action and shall not be used for any other purpose.  No Discovery Material will be used by the Receiving Party in any other litigation, proceeding, regulatory action, or for any other purpose in this or any other jurisdiction.

b.   Filings: Unless otherwise agreed by the Producing Party, all parties shall file under seal any Protected Material, such as by redacting Protected Material in pleadings, briefs, declarations, and memoranda, and replacing exhibits that constitute Protected Material with a placeholder, and providing unredacted and complete copies of all such submissions to all Parties to this Order and to the Court.  The filing Party shall comply with

Case 1:23-cv-04436-AKH   Document 117   Filed 02/20/24   Page 17 of 27

the filing procedures described under Judge Hellerstein's Individual Rule 4.B.ii and notify the Producing Party that it must file, within three (3) days, a letter explaining the need to seal or redact the Protected Material.

c.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person not authorized under this Order, the Receiving Party must immediately (a) use its best efforts to retrieve all copies or obtain a certification of destruction of the Protected Material, (b) promptly notify the Producing Party of the scope and nature of the unauthorized disclosure, including detailing the best efforts it has taken to retrieve all copies or obtain a certification of destruction of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the certificate attached hereto as Appendix A.

d.  This Order shall not restrict any attorney who is a qualified recipient under the terms of the Order from rendering advice to his or her client that is a Party to this Action, and in the course thereof, from generally relying upon his or her examination of Protected Material.  In rendering such advice, or in otherwise communicating with the client, the attorney shall not disclose directly or indirectly the specific content of any Protected Material of another Party or Non-Party where such disclosure would not otherwise be permitted under the terms of this Order.

5.   <u>Requests by a Third Party for Protected Material</u>: If a Receiving Party is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process or request from any court, federal or state regulatory or administrative body or agency, legislative body, self-regulatory organization, or other person or entity purporting to have authority to require the production thereof, that seeks disclosure of any Protected Material (collectively, a "Demand") the Receiving Party must notify, to the extent permitted by law and the rules, requirements, or requests of any relevant governmental or self-regulatory organization, the Producing Party.  The notification must be in writing (by email, if possible), include a copy of the Demand, and be made as soon as reasonably practicable, in order to allow the Producing Party at least ten (10) days to take such protective steps as it deems appropriate, which steps, if any, the Producing Party shall take at its own cost and expense.  The Receiving Party also must promptly inform the party that caused the Demand to issue that some or all of the material covered by the Demand is the subject of the Order.  In the absence of the Producing Party lodging an objection to the Demand within ten (10) days of receipt of the aforementioned notification, the Receiving Party may produce responsive documents, materials, or other information.  In order to suspend or prevent production by the Receiving Party in response to a Demand, said objection must be lodged with the entity that made the Demand, or in a proceeding in connection with which the Demand was made, and must be sufficient to relieve or stay the obligation of the Receiving Party to comply with the Demand until the objection has been resolved.  Notwithstanding the

foregoing, nothing in this paragraph shall be construed as requiring that any party to this Order to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, legislative body, or regulatory body.

6.   Return or Destruction of Protected Material:

a.   Within ninety (90) days of the final disposition of this Action—including all appeals—all recipients of Protected Material must either return the Protected Material and all copies thereof to the Producing Party, or, at the Receiving Party's election, destroy such material and copies.  Each Party must certify the return or destruction of Protected Material by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, notes, or other forms of reproducing or capturing any of the Protected Material in whole or in part.  Notwithstanding this provision, the Counsel of Record for the Parties in this Action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, discovery responses, deposition exhibits, trial exhibits, legal memoranda, correspondence, or attorney work product generated or received in this Action, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order.

b.   The Receiving Party's reasonable efforts shall not require the return or destruction of materials that (i) are stored on backup storage media made in accordance with regular data backup procedures for disaster recovery

purposes; (ii) are subject to document preservation obligations; or (iii) are otherwise required by law to be retained.  Backup storage media need not be restored for purpose of returning or certifying destruction of materials, but any such materials retained in backup storage media shall continue to be treated in accordance with this Order.

## IV.    PRIVILEGE

1.    No Waiver by Disclosure:

a.    The production of privileged or work-product protected documents, ESI or Discovery Material, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Action or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

b.    If a Producing Party becomes aware that it has inadvertently produced privileged or work-product protected information, the Producing Party will promptly notify each Receiving Party in writing (by email) of the inadvertent production.  Within two (2) business days of receipt of such notice, each Receiving Party to which such notice is directed: (a) must return, sequester, or destroy the protected information and any copies (except to challenge the claim of privilege or protection before the Court to the extent permitted under Fed. R. Civ. P. 26(b)(5)(B)); (b) must not use or disclose the protected information (except to challenge the claim of privilege or protection before the Court to the extent permitted under Fed. R. Civ. P. 26(b)(5)(B) until the claim of privilege or protection is resolved or withdrawn; (c) must take reasonable steps to recall the

protected information if that Receiving Party disclosed it before being notified; and (d) must, upon the Producing Party's request, provide a written certification of Counsel that all such disclosed protected information has been returned, sequestered, or destroyed.  The Receiving Party shall also destroy summaries of notes relating to, and extracts and/or data derived from any such inadvertently or mistakenly produced information, immediately if no challenge is made to the privilege claim by the Receiving Party, or upon resolution by the Court of any challenge in favor of the Producing Party.

c.   Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or Discovery Material (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

## V.   MISCELLANEOUS

1.   <u>Limitations</u>: Nothing contained herein shall operate as an admission by any Party as to the admissibility in evidence of any document or information revealed in the course of disclosure or discovery.  Nothing contained herein shall preclude any Party from opposing or seeking any discovery on any basis.  Nothing in this Order shall prohibit or interfere with the ability of Counsel for any Receiving Party to represent any individual, corporation or other entity adverse to any Party or Non-Party or their affiliate(s) in connection with any other matter.

2.   <u>Violations of the Protective Order</u>: In the event that any Party or Non-Party violates the terms of this Protective Order or threatens to violate the terms of this Protective Order, the aggrieved Producing Party may apply to the Court to obtain

Case 1:23-cv-04436-AKH   Document 117   Filed 02/20/24   Page 22 of 27

relief against any such Party or Non-Party violating or threatening to violate any of the terms of this Protective Order, including without limitation specific performance of their obligations herein. The Parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

3.   <u>Security Precautions and Data Breaches</u>: A Receiving Party that learns of a breach of confidentiality affecting any documents or materials it received from a Producing Party must promptly notify the Producing Party of the scope and nature of that breach and make reasonable efforts to contain, mitigate, and remedy the breach.

4.   <u>Prosecution Bar</u>: Any attorney representing a Party, whether in-house or outside counsel, and any Non-Party associated with a Party and permitted to receive another Party's or Non-Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items, who reviews or otherwise learns, in whole or in part, of the contents of another Party's or Non-Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to data transfer over cable systems during the pendency of this Action and for one year after its conclusion, including any appeals. Nothing in this Order shall preclude a Party or Non-Party with access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items from working on or participating in, directly or indirectly, an ex parte reexamination, a post grant proceeding, or an inter partes review

proceeding, provided that the individual is not involved in the drafting, amending, or providing of instruction with respect to the drafting or amending of claims in such action or proceeding.

5. <u>Trial</u>: This Protective Order shall not apply to Protected Material that is properly disclosed at a hearing or the trial of this Action. The closure of hearing or trial proceedings and sealing of the record of a hearing or trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the motion of any of the Parties before a hearing or the trial consistent with any applicable case management order. Notwithstanding the foregoing, this Order shall continue to apply after trial to all Protected Material not disclosed during the trial of this Action.

6. <u>Effectiveness Pending Entry by the Court</u>: The Parties agree to be bound by the terms of this [Proposed] Stipulated Protective Order pending the entry by the Court of this [Proposed] Stipulated Protective Order, and any violations of the terms herein shall be subject to the same sanctions as if this [Proposed] Stipulated Protective Order had been entered by the Court.

7. <u>Protective Order Remains in Force</u>: This Protective Order shall remain in force and effect until modified, superseded, or terminated by order of the Court. Unless otherwise ordered, or agreed upon by the parties, this Protective Order shall survive the termination of this Action. The Court retains jurisdiction even after termination of this Action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may, at any time, deem appropriate.

8.    <u>Modification</u>: Stipulations may be made, between Counsel for the respective Parties, as to the application of this Order to specific situations, or to alternative or supplemental confidentiality arrangements, provided that such stipulations are recorded in writing or contained in the record of any oral proceeding.  Nothing contained herein shall preclude any Party from seeking an order of the Court modifying or supplementing this Order.

IT IS SO STIPULATED this 20th day of February, 2024.


KIRKLAND & ELLIS LLP                    DAVIS POLK & WARDWELL LLP

_/s/ Atif Khawaja_                       _/s/ Dana M. Seshens_
Atif Khawaja, P.C.                       Dana M. Seshens
601 Lexington Avenue                     Craig J. Bergman
New York, NY 10022                       Matthew R. Brock
(212) 446-4749                           450 Lexington Avenue
atif.khawaja@kirkland.com                New York, NY 10017
                                         (212) 450-4000
Judson Brown, P.C. (*pro hac vice*)      dana.seshens@davispolk.com
1301 Pennsylvania Avenue, N.W.           craig.bergman@davispolk.com
Washington, DC 20004
(202) 389-5000                           – and –
jdbrown@kirkland.com
                                         David J. Lisson (*pro hac vice*)
*Counsel for Defendant-Counterclaim*
*Plaintiff MaxLinear, Inc.*              1600 El Camino Real
                                         Menlo Park, California 94025
                                         Telephone:   (650) 752-2000
                                         Facsimile:   (650) 752-2111
                                         david.lisson@davispolk.com


                                         *Attorneys for Plaintiffs-Counterclaim*
                                         *Defendants Comcast Cable*
                                         *Communications Management, LLC and*
                                         *Comcast Cable Communications, LLC*



IT IS SO ORDERED this            day of February, 2024.


HON. ALVIN K. HELLERSTEIN, U.S.D.J.