UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------- X
                                                          :
COMCAST CABLE COMMUNICATIONS                              :
MANAGEMENT, LLC, at al.,                                  :   **ORDER DENYING AND**
                                                          :   **GRANTING IN PART**
                                      Plaintiffs,         :   **MAXLINEAR'S MOTION TO**
          -against-                                       :   **DISMISS**
                                                          :
MAXLINEAR, INC.,                                          :   23 Civ. 4436 (AKH)
                                                          :
                                      Defendant.          :
                                                          :
--------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

## Introduction

This case arises out of a contract dispute between Comcast Cable Communications ("Comcast") and MaxLinear, Inc. ("MaxLinear"). Following the filing of the Third Amended Complaint ("TAC"), MaxLinear moved to dismiss the case, arguing that (1) I lack jurisdiction over Comcast's declaratory judgment claims; (2) Comcast is not entitled to indemnification; and (3) Comcast has failed to plead a claim for breach of the implied covenant of good faith. ECF No. 132.

## Background

MaxLinear designs silicon chips used to deliver high-speed internet. It also provides support services for users of its chips. Comcast is a broadband internet service provider whose broadband gateways rely on the chips designed by MaxLinear. On August 1, 2020, Comcast and MaxLinear entered into a Vendor Support Agreement ("VSA"), whereby MaxLinear agreed to provide continuing support services for its chips used by Comcast. Among the VSA's provisions are a covenant not to assert claims and a general indemnification provision. The Covenant Not to Assert states that "[d]uring the Term, [MaxLinear], on behalf of itself and all affiliates . . . covenants not to sue [Comcast] for patent, copyright, or trademark infringement, or for

1

misappropriation of trade secrets . . . with respect to [Comcast's] purchase, use, or deployment of any product of service. VSA § 7.3. The Uncapped General Indemnification provision provides that "[MaxLinear] hereby agrees to defend, indemnify, and hold Comcast . . . harmless against all costs, expenses, and losses (including reasonable attorney fees and costs) incurred through the claims of third parties against Comcast based on or arising from . . . [MaxLinear's] gross negligence or intentional misconduct[.]" VSA § 10.1. The term of the VSA runs through July 31, 2026; however, it may be terminated prior to that date "upon ninety (90) days' prior written notice to Comcast, if there has been no active SOW for a period of 1 year." VSA § 11.1.

The VSA binds the parties to the service obligations that are to be set out in any statements of work ("SOW"), which become part of the VSA. VSA § 1.1. In November 2020, the parties executed the first and only SOW, pursuant to which MaxLinear agreed to provide ongoing support services to Comcast, including "feature development, bug fixes, and security patches/fixes" for some of Comcast's broadband gateways. SOW § 1. The SOW runs through July 31, 2026, but may be terminated prior to that date "at any time upon one (1) year's written notice to Comcast." SOW § 2.

In March of 2021, MaxLinear and its subsidiary assigned their rights in certain United States patents to Entropic Communications, LLC ("Entropic"). Comcast alleges MaxLinear assigned these rights in an effort to circumvent the Covenant Not to Sue and to profit from patent litigation against businesses such as Comcast. Two years after the assignment, in February of 2023, Entropic filed patent infringement claims against Comcast for the assigned MaxLinear patents in the United States District Court for the Central District of California. Comcast advised Entropic and MaxLinear that the Covenant Not to Sue barred the California litigation. On May 8, 2023, Comcast informed Entropic of its intent to move to dismiss the California litigation on the grounds of the Covenant Not to Sue. Shortly thereafter, on May 23, 2023, MaxLinear's CEO sent Comcast a letter purporting to terminate the VSA and SOW simultaneously, despite the termination procedures set

2

out in the VSA and SOW. MaxLinear maintained, and continues to maintain, that the termination was effective on May 23, 2023, but agreed by stipulation to continue providing support services for one year from that date, through May 23, 2024. ECF No. 128 at ¶ 33.

Comcast filed this suit on May 30, 2023. The TAC seeks (1) a declaratory judgement stating that MaxLinear's termination of the VSA and the SOW were invalid; (2) indemnification in the California lawsuits; and (3) in the alternative, relief for a breach of the implied covenant of good faith and fair dealing. ECF No. 128. MaxLinear moves to dismiss the TAC, arguing that since Comcast has failed to show any current harm or any imminent, future harm, a declaratory judgment is an improper advisory opinion; that indemnification is improper; and that Comcast has failed to make a showing of breach of the implied covenant of good faith and fair dealing. ECF No. 131.

## Discussion

### A. Declaratory judgment

MaxLinear first argues that the Court lacks jurisdiction over Counts I and II of the TAC. Count I seeks a declaratory judgment that (i) MaxLinear's attempted termination of the VSA is invalid; (ii) MaxLinear's attempt to terminate the VSA prematurely violated the VSA's plain terms; and (iii) the VSA remains in full force and effect until at least August 21, 2025. Count II seeks a declaratory judgment that (i) MaxLinear's attempted termination of the SOW is invalid; (ii) MaxLinear's attempt to terminate the SOW prematurely violated the SOW's plain terms; and (iii) the SOW remains active and in full force and effect until at least May 23, 2024. MaxLinear asserts that these two counts fail to demonstrate injury, and thus that the Court lacks jurisdiction to give the requested relief.

MaxLinear's motion is granted as to Count II. The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration[.]" 28 U.S.C. § 2201(a). Courts have interpreted the phrase "a case

of actual controversy" similarly to Article III questions of case or controversy, requiring that "throughout the litigation, the party seeking relief must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *United States v. Juvenile Male*, 131 S. Ct. 2860, 2864 (2011). Even where parties "continue to dispute the lawfulness" of conduct underlying the litigation, an issue is no longer justiciable where "that dispute is no longer embedded in any actual controversy about the plaintiff's particular legal rights." *Alvarez v. Smith et al.*, 558 U.S. 87, 93 (2009). According to the SOW's terms, a termination is effective one year after written notice. Assuming MaxLinear's termination date of May 23, 2023, the SOW, by its own terms, expired on May 23, 2024. This date has already passed, meaning that Comcast can no longer make any compelling arguments concerning the harm it is suffering as a result of the allegedly improper termination of the SOW, because the SOW would have expired by now even if MaxLinear had waited until one year after its notice of termination to stop services. In the absence of potential harm, any declaration from the Court that the SOW was improperly terminated would be an inappropriate advisory opinion on a matter that does not present an actual controversy. MaxLinear's motion to dismiss is granted as to Count II of the TAC.

As to the dismissal of Count I, MaxLinear's motion is denied. Under the terms of the VSA, termination may occur only upon 90 days' written notice after one year without an SOW. As MaxLinear communicated its notice of termination on May 23, 2024, which produces an effective termination date of May 23, 2024, the earliest termination date of the VSA is one year and ninety days from May 23, 2024, resulting in a termination date of August 21, 2025. Comcast has plausibly pled that MaxLinear's attempted improper termination of the VSA has caused it harm—the VSA contains other bargained-for provisions outside of the service provision, such as protection of trade secrets, the covenant not to sue, and the indemnity provision, the non-enforcement of which would cause Comcast legally cognizable harms. These alleged harms create an "actual controversy" as

4

required by courts in this circuit. *See, e.g., Nike, Inc. v. Already, LLC*, 663 F.3d 89, 95 (2d Cir. 2011), *aff'd*, 568 U.S. 85 (2013). MaxLinear's motion to dismiss Count I of the TAC is denied.

## B. Indemnification

Next, MaxLinear argues that Comcast is not entitled to its indemnification claim under Count III of the TAC because it has failed to plead that MaxLinear acted with "gross negligence or intentional misconduct" as required by Section 10.1 of the VSA. Gross negligence can be shown where a "defendant's conduct 'evinces a reckless disregard for the rights of others or smacks of intentional wrongdoing.'" *Bayerische Landesbank v. Aladdin Capital Mgmt. LCC*, 692 F.3d 42, 61 (2d Cir. 2012) (quoting *M + J Savitt, Inc. v. Savitt*, No. 8 Civ. 8535 (DCL) 2009 U.S. Dist. LEXIS 21321, at *12 (S.D.N.Y. Mar. 17, 2009)). However, "whether a breach constituted gross negligence is an issue of fact that generally should not be addressed on a motion to dismiss." *House of Eur. Funding I, Ltd. v. Wells Fargo Bank, N.A.*, No. 13 Civ. 519 (RJS) 2014 U.S. Dist. LEXIS 49894, at *10 (S.D.N.Y. Mar. 31, 2014); *see also Clark St. Wine v. Emporos Sys. Corp.*, 754 F. Supp. 2d 474, 481 (E.D.N.Y. 2010). Since a resolution of the indemnification claim requires inquiries of fact into MaxLinear's intentions and actions when issuing its termination letter in May of 2023, the question of indemnity is better reserved for after the pleadings phase. MaxLinear's motion to dismiss Count III is denied.

## C. Implied covenant of good faith and fair dealing

Finally, MaxLinear asserts that Comcast has failed to plead a claim under Count IV of the TAC for breach of the implied covenant of good faith and fair dealing, because "Comcast has not alleged any bad faith or identified any implied obligation that was not authorized by the contract and that MaxLinear supposedly violated." ECF No. 132 at 10. I disagree. Under New York common law, a party breaches the implied covenant of good faith and fair dealing when it breaks "a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Dalton v. Educ. Testing Serv.*, 87

5

N.Y.2d 384, 389 (1995). Comcast alleges in the TAC that a senior executive at MaxLinear informed Comcast's employee that he attempted to terminate the VSA and SOW at the advice of counsel in order "to free the MaxLinear patents from the VSA's protections[.]" ECF No. 128 at 6. This incident, coupled with the timing of the California patent litigation, plausibly alleges that MaxLinear acted "malevolently, for its own gain as part of a purposeful scheme design to deprive plaintiffs" of their bargained for rights. *Richbell Info. Servs., Inc. v. Jupiter Partners, L.P.*, 309 A.D.2d 288, 302 (1st Dep't 2003). MaxLinear's motion to dismiss Count IV is denied.

## Conclusion

MaxLinear's motion to dismiss is granted in part as to Count II and denied as to Counts I, III, and IV. Comcast shall refile its Complaint without Count II. The parties shall file a **joint** civil case management plan by October 10, to be discussed at an October 21, 2024, 10:00 a.m. status conference.

The Clerk of Court shall terminate ECF No. 131.

SO ORDERED.

Dated:    September 19, 2024
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

6