# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Atif Khawaja, P.C.
To Call Writer Directly:
+1 212 446 4749
atif.khawaja@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

October 7, 2024

**VIA CM/ECF**

Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, NY 10007

Re:  *Comcast Cable Communications Management, LLC, et al. v. MaxLinear, Inc.*, Case No. 1:23-cv-04436-AKH

[Handwritten annotation: Denied, there is no reason for evidentiary material to be made exhibits to pleadings. See R. 8, FRCP. And there is no reason to file discovery material. Defendant may withdraw filings, and substitute other, to conform to this ruling. 10-8-24 /s/ Hellerstein]

Dear Judge Hellerstein:

We represent Defendant MaxLinear, Inc. ("MaxLinear") in connection with the above-captioned action. MaxLinear requests permission to file the following documents in partially redacted form and to file unredacted versions of the same conditionally under seal:

- Excerpts from Defendant's Answer to the Fourth Amended Complaint and Counterclaims (the "Answer and Counterclaims");
- Excerpts from the February 20, 2024 Responses and Objections to Comcast's Second Set of Interrogatories, attached as Exhibit 3 to Defendant's Answer to the Fourth Amended Complaint and Counterclaims;
- The document produced as CMCST00005886, attached as Exhibit 4 to Defendant's Answer to the Fourth Amended Complaint and Counterclaims;
- Excerpts from the January 16, 2024 Responses and Objections to MaxLinear's First Set of Interrogatories, attached as Exhibit 7 to Defendant's Answer to the Fourth Amended Complaint and Counterclaims.

Although there is a presumptive right of public access to judicial documents, that right is "not absolute." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). In evaluating whether to grant a sealing request, the court must evaluate several factors: (1) whether the document qualifies as a judicial document; (2) the weight of the presumption of public access; and (3) whether any countervailing factors or

## KIRKLAND & ELLIS LLP

Honorable Alvin K. Hellerstein
October 7, 2024
Page 2

higher values outweigh the right of public access to the judicial document. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

"Courts in this Circuit regularly seal information that might disclose trade secrets or confidential business information." *Iacovacci v. Brevet Holdings, LLC*, 2022 WL 101907, at *2 (S.D.N.Y. Jan. 11, 2022); *see also Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, … and the like satisfy the sealing standard." (quotations omitted)); *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999) ("Documents falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like."). In such cases, "safeguarding trade secrets can overcome the presumption of [public] access [to court documents]." *Hesse v. Sungard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013); *see also Richards v. Kallish*, 2023 WL 6276684, at *3 (S.D.N.Y. Sept. 26, 2023) ("The protection of trade secrets is value that may be sufficient to defeat the First Amendment presumption of public access."). That is why courts have ordered the sealing of documents that "facially contain trade secrets" even over another party's objection. *Id.*

Here, MaxLinear seeks to maintain under seal both information relating to MaxLinear's trade secrets at the heart of its counterclaims and defenses against Comcast and information that Comcast has designated as confidential under the protective order in this litigation. Specifically, MaxLinear seeks to protect from disclosure (1) limited portions of MaxLinear's February 20, 2024 Responses and Objections to Comcast's Second Set of Interrogatories which reference and describe MaxLinear's confidential trade secret information (attached as Ex. 3 to MaxLinear's pleading); and (2) the document produced as CMCST00005886 (attached as Ex. 4 to MaxLinear's pleading) and information contained therein reproduced in the Answer and Counterclaims, which has been marked Highly Confidential by Comcast under the protective order in this litigation (Dkt. 118) and contain descriptions of MaxLinear's confidential trade secret information, including references to information contained in MaxLinear's confidential documents. The confidential trade secret information refers to confidential and proprietary technical designs for an FDX amplifier. These descriptions and references are trade secret information that satisfy the standard for sealing, particularly at this preliminary stage.

MaxLinear further seeks to temporarily protect from disclosure limited portions of Comcast's January 16, 2024 Responses and Objections to MaxLinear's First Set of Interrogatories (attached as Ex. 7 to MaxLinear's pleading) in order to afford Comcast an opportunity to apply for permanent sealing should it wish to do so.

In accordance with Rule 4 of the Court's Individual Rules, MaxLinear has filed under seal versions and public versions of the above-referenced filings with this letter.

## KIRKLAND & ELLIS LLP

Honorable Alvin K. Hellerstein
October 7, 2024
Page 3

                                      Respectfully submitted,

                                      */s/ Atif Khawaja, P.C.*

                                      Atif Khawaja, P.C.

Cc:    All Counsel of Record (via ECF)