# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

Atif Khawaja, P.C.
To Call Writer Directly:
+1 212 446 4749
atif.khawaja@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

November 27, 2024

*So ordered,*
*12.2.24*
*[signature] Alvin Hellerstein*

**VIA CM/ECF**

Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, NY 10007

    Re: *Comcast Cable Communications Management, LLC, et al. v. MaxLinear, Inc.*, Case No. 1:23-cv-04436-AKH

Dear Judge Hellerstein:

  We represent Defendant MaxLinear, Inc. ("MaxLinear") in connection with the above-captioned action. We write regarding the letter–motion filed by Plaintiffs Comcast Cable Communications Management and Comcast Cable Communications, LLC (collectively, "Comcast") pursuant to Rule 4.B of Your Honor's Individual Rules of Practice requesting permission to file certain materials under seal (the "Letter–Motion") (ECF No. 160). Concurrently with the Letter–Motion, Comcast filed its *Memorandum of Law in Support of Comcast's Motion to Dismiss MaxLinear's Counterclaims* (the "Motion to Dismiss") (ECF No. 162) and related *Declaration of Dana M. Seshens in Support of Comcast's Motion to Dismiss MaxLinear's Counterclaims* (the "Declaration") (ECF No. 163), attaching certain exhibits referenced in the Motion. The Letter–Motion requested the Court's permission to file under seal and redact certain portions of the Motion to Dismiss as well as Exhibit 8 to the Declaration.

  Consistent with the Letter–Motion, MaxLinear now respectfully requests that the Court order that the information redacted from Comcast's Motion to Dismiss and Exhibit 8 to the Declaration remain permanently under seal. The redacted information contains a presentation that MaxLinear gave to Comcast in December 2020, reflects MaxLinear's trade-secret information, and forms, in part, the basis for MaxLinear's counterclaims and defenses in this case. It should be protected from disclosure.

  Although there is a presumptive right of public access to judicial documents, that right is "not absolute." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *Nixon v. Warner*

# KIRKLAND & ELLIS LLP

Honorable Alvin K. Hellerstein
November 27, 2024
Page 2

*Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). In evaluating whether to grant a sealing request, the court must evaluate several factors: (1) whether the document qualifies as a judicial document; (2) the weight of the presumption of public access; and (3) whether any countervailing factors or higher values outweigh the right of public access to the judicial document. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

"Courts in this Circuit regularly seal information that might disclose trade secrets or confidential business information." *Iacovacci v. Brevet Holdings, LLC*, 2022 WL 101907, at *2 (S.D.N.Y. Jan. 11, 2022); *see also Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, … and the like satisfy the sealing standard." (citation omitted)); *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999) ("Documents falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like."). In such cases, "safeguarding trade secrets can overcome the presumption of [public] access [to court documents]." *Hesse v. Sungard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013); *see also Richards v. Kallish*, 2023 WL 6276684, at *3 (S.D.N.Y. Sept. 26, 2023) ("The protection of trade secrets is value that may be sufficient to defeat the First Amendment presumption of public access."). That is why courts have ordered the sealing of documents that "facially contain trade secrets" even over another party's objection. *Id.*

Here, MaxLinear seeks to maintain under seal technical disclosures, descriptions, and detailed schematics that either comprise or come from the very materials it has identified as the asserted trade secrets in this case. Specifically, MaxLinear seeks to protect from disclosure (1) a presentation that it gave to Comcast in December 2020 regarding FDX amplifier technology and that was presented under an active non-disclosure agreement between MaxLinear and Comcast; and (2) a technical layout and schematic of MaxLinear's FDX amplifier design taken from that confidential December 2020 presentation and inserted by Comcast into its motion (collectively, the "Trade-Secret Information"). The Trade-Secret Information refers to confidential and proprietary technical designs for an FDX amplifier. The presentation includes detailed diagrams and descriptions of such technology, as well as related performance testing. The redacted information in the Motion to Dismiss similarly describes and reproduces aspects of MaxLinear's confidential FDX amplifier design or otherwise references information that, when read in the context of the remainder of Comcast's motion, threatens to provide insight into the substance of the Trade-Secret Information and MaxLinear's confidential FDX amplifier design. These technical designs, descriptions, and data are textbook trade-secret information and more than satisfy the standard for sealing, particularly at this preliminary stage.

For these reasons, MaxLinear respectfully requests that the Court order that the Trade-Secret Information in Comcast's Motion to Dismiss (ECF No. 162) and Exhibit 8 to the Declaration (ECF No. 163) remain permanently under seal.

## KIRKLAND & ELLIS LLP

Honorable Alvin K. Hellerstein
November 27, 2024
Page 3

Respectfully submitted,

*/s/ Atif Khawaja, P.C.*

Atif Khawaja, P.C.

Cc:   All Counsel of Record (via ECF)