UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC; AND COMCAST CABLE COMMUNICATIONS, LLC<br><br>Plaintiffs-Counterclaim Defendants,<br><br>v.<br><br>MAXLINEAR, INC.<br><br>Defendant-Counterclaim Plaintiff. | Civil Action No. 1:23-cv-04436-AKH |

## [~~PROPOSED~~] SUPPLEMENT TO AMENDED STIPULATED PROTECTIVE ORDER

The Parties, by and through their respective counsel, previously executed and filed a Proposed Amended Stipulated Protective Order, which the Court so-ordered on February 21, 2024 (ECF No. 118) (the "Protective Order"), to protect the confidentiality of documents and other information obtained in the course of discovery in this Action. The Protective Order provides that, in the event one or more parties needs to produce source code, the parties will negotiate a supplement to the Protective Order and the Protocol for the Discovery of Electronically Stored Information (ECF No. 99). Now, the Parties having stipulated and agreed to the terms and conditions necessary to protect confidential source code, it is hereby ORDERED THAT:

**VI.   SOURCE CODE**

1. The following provisions constitute a supplement to the Protective Order (ECF No. 118) and the Protocol for the Discovery of Electronically Stored Information (ECF No. 99), which remain in full force.

2. The definition of Protected Material in the Protective Order shall also include Discovery Material designated by the Producing Party as "HIGHLY CONFIDENTIAL SOURCE CODE." The Producing Party may use this designation for Discovery Material that includes computer source code ("Source Code Material").

3. For Protected Material designated HIGHLY CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

   a. Access to a Party's Source Code Material shall be provided only on a "stand-alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) in a secure location. The stand-alone computer will be provided with software that allows for a "print to PDF" functionality or similar, so PDFs of source code that a person accessing the code desires to be printed can be saved to the stand-alone computer. The stand-alone computer may only be located within the continental United States at the offices of the Producing Party's outside counsel or its vendors, at the Producing Party's discretion;

   b. The Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code Material onto any recordable media or recordable device. Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is

prohibited while accessing the stand-alone computer. However, the Receiving Party may take notes on paper relating to the Source Code Material. All such notes will be stamped and treated as HIGHLY CONFIDENTIAL SOURCE CODE. All such notes shall only contain the thoughts and comments of the Receiving Party, and may not copy or reproduce any portion of Source Code Material. To the extent the Receiving Party desires to take notes on paper, if such paper notes are left behind at the site, they will be destroyed by the Producing Party without review. The Parties agree that if there are any disputes regarding the Receiving Party's notes, all notes taken by the Receiving Party shall be subject to review by a mutually agreed-upon non-party to ensure compliance with the Protective Order. All persons entering the secure location containing the stand-alone computer must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the secure location. The Producing Party may visually monitor, in a non-intrusive fashion and at reasonable intervals, through a glass wall or window, the activities of the Receiving Party's representatives, but only to ensure that no unauthorized records of the Source Code Material and no information concerning the Source Code Material are being created or transmitted in any way;

    c.    The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer to normal business hours,

3

which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m local time, Monday through Friday. However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computer outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

d. The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer in order to access the produced Source Code Material on the stand-alone computer;

e. The Producing Party will produce Source Code Material in computer searchable format on the stand-alone computer as described above;

f. Access to Protected Material designated HIGHLY CONFIDENTIAL SOURCE CODE shall be limited to individuals listed in Section III.3(a) and Section III.3(d)-(e) of the Protective Order and up to three (3) outside consultants or experts (*i.e.*, not existing employees or affiliates or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to Section III.3(c) of the Protective Order. A Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document,

4

deposition transcript, or other Court document ("Source Code Documents"), provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

g. To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as HIGHLY CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as HIGHLY CONFIDENTIAL SOURCE CODE;

h. No electronic copies or images of Source Code Material shall be made without prior written consent of the Producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures, and order, must be filed or served electronically;

i. The Receiving Party shall be permitted to request printing of 150 pages total of Source Code Material ("Source Code Printouts"), all of which shall be designated and labeled "HIGHLY CONFIDENTIAL SOURCE CODE." To obtain Source Code Printouts, the Receiving Party will first place PDFs of the pages requested to be printed in a folder on the stand-alone computer titled with the date of that day's review session. Outside counsel for the Receiving Party must then serve by email to outside counsel for the Producing Party a request to print those pages. Outside counsel for the Producing Party will deliver the requested Source

5

Code Printouts to the office of the outside counsel for the Receiving Party within three (3) business days of the request (unless additional time is needed due to the volume requested).. The Receiving Party may request up to three (3) paper copies of any portion of printed source code. The Receiving Party shall not request a printout of any continuous block of source code that results in more than 10 printed pages. The Producing Party shall maintain an access log identifying, for each and every time any Source Code Material is viewed, accessed, or analyzed by the Receiving Party: (1) the name of each person who accessed the Source Code Material; (2) the date and time of access; (3) the length of time of access: and (4) whether any hard copies of any portion of the Source Code Material was printed. Should the Receiving Party require additional pages beyond the 150-page maximum for Source Code Printouts, the Receiving Party shall seek written approval from the Producing Party;

j.  If the Receiving Party's outside counsel, consultants, or experts obtain Source Code Printouts, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the Source Code Printouts under their direct control in a secured locked area in the offices of such outside counsel, consultants, or expert. The Receiving Party may also temporarily keep the Source Code Printouts at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s);

and (iii) any intermediate location reasonably necessary to transport the Source Code Printouts to a Court proceeding or deposition, provided that the Source Code Printouts are kept in a secure manner that ensures access is limited to the persons authorized under this Order;

k. A Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under paragraph 3(e) above to another person authorized under paragraph 3(e) above on paper via hand carry, Federal Express, or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet;

l. The name(s) of the person(s) who will review Source Code Material on the stand-alone computer will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection. The Receiving Party shall provide five business days' notice in advance of scheduling any inspections. Such notice shall include the names and titles for every individual from the Receiving Party who will attend the inspection and the expected time per day they are expected to review;

m. Copies of Source Code Printouts that are used as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers;

n.     The Producing Party shall install tools that are sufficient for viewing and searching the Source Code Material produced. The Receiving Party's outside counsel and/or experts may request, at the Receiving Party's expense, that additional commercially available software tools for viewing and searching Source Code Material be installed on the stand-alone computer. The Producing Party shall have such software tools installed on the stand-alone computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) there is a lack of a reasonable objection to such software tools by the Producing Party; and (c) the Producing Party will not be held responsible for the proper setup, functioning, or support of such software tools (for example, compiling or debugging such software tools). The Receiving Party must provide the producing Party with a CD, DVD, or e-mail containing such software tool(s) at least five (5) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the stand-alone computer;

o.     Nothing in this Supplement, the Protective Order, or the Protocol for the Discovery of Electronically Stored Information shall be construed as a representation or admission that Source Code Material is properly discoverable in this Action or to obligate any Party to produce any Source Code Material. The provisions included herein are the minimum restrictions on the production of Source Code Material and are without waiver to the inclusion of additional limitations.

IT IS SO STIPULATED this _____ day of _____, 2025.

| DAVIS POLK & WARDWELL LLP | KIRKLAND & ELLIS LLP |
|---|---|
| /s/ Dana M. Seshens | /s/ Sharre Lotfollahi |
| Dana M. Seshens<br>Craig J. Bergman<br>Matthew R. Brock<br>450 Lexington Avenue<br>New York, NY 10017<br>(212) 450-4000<br>dana.seshens@davispolk.com<br>craig.bergman@davispolk.com<br>matthew.brock@davispolk.com<br><br>– and –<br><br>David J. Lisson (*pro hac vice*)<br>900 Middlefield Road<br>Redwood City, California 94063<br>Telephone:  (650) 752-2000<br>Facsimile:   (650) 752-2111<br>david.lisson@davispolk.com<br><br>*Attorneys for Plaintiffs-Counterclaim Defendants Comcast Cable Communications Management, LLC and Comcast Cable Communications, LLC* | Atif Khawaja, P.C.<br>601 Lexington Avenue<br>New York, NY 10022<br>(212) 446-4749<br>atif.khawaja@kirkland.com<br><br>Judson Brown (*pro hac vice*)<br>Megan McGlynn (*pro hac vice*)<br>1301 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br>Telephone: (202) 389-5000<br>Facsimile: (202) 389-5200<br>judson.brown@kirkland.com<br>megan.mcglynn@kirkland.com<br><br>Adam R. Alper (*pro hac vice*)<br>Kyle Austin Calhoun (*pro hac vice*)<br>555 California Street, 27th Floor<br>San Francisco, California 94104<br>Telephone: (415) 439-1400<br>adam.alper@kirkland.com<br>kyle.calhoun@kirkland.com<br><br>– and –<br><br>Michael W. De Vries P.C. (*pro hac vice*)<br>Sharre Lotfollahi, P.C. (*pro hac vice*)<br>2049 Century Park East, Suite 3700<br>Los Angeles, California 90067<br>Telephone: (310) 552-4200<br>michael.devries@kirkland.com<br>sharre.lotfollahi@kirkland.com<br><br>*Attorneys for Defendant-Counterclaim Plaintiff MaxLinear, Inc.* |

IT IS SO ORDERED this 7 day of August, 2025.

_____
HON. ALVIN K. HELLERSTEIN, U.S.D.J.

9

**APPENDIX A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC; AND COMCAST CABLE COMMUNICATIONS, LLC<br><br>Plaintiffs-Counterclaim Defendants,<br><br>v.<br><br>MAXLINEAR, INC.<br><br>Defendant-Counterclaim Plaintiff. | Case No. 1:23-cv-04436-AKH |

**ENDORSEMENT OF AMENDED STIPULATED PROTECTIVE ORDER AND SUPPLEMENT**

I hereby certify that I have read the Amended Stipulated Protective Order ("Order") and supplement thereto ("Supplement") entered in the above-captioned action and that I understand the terms thereof. I agree to be bound by the Order and Supplement. If I receive documents or information designated as Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential Source Code as those terms are defined in the Order and Supplement, I understand that such information is provided to me pursuant to the terms and restrictions of the Order and Supplement. I agree to hold in confidence and not further disclose or use for any purpose, other than as permitted by the Order and Supplement, any information disclosed to me pursuant to the terms of the Order and Supplement. I further agree to submit to the jurisdiction of this Court for purposes of enforcing the Order and Supplement. As soon as practical, but no later than thirty (30) days after final termination of this Action, I further agree to return any and all documents and things designated as "Confidential," Highly Confidential – Attorneys' Eyes Only," or

"Highly Confidential Source Code" and all copies, excerpts, summaries, notes, digests, abstracts, and indices related to such documents disclosed to me pursuant to the Order and Supplement to the attorney from whom I have received such information.

Name: _____

Street Address: _____

City, Sate, ZIP: _____

Telephone: _____

Facsimile: _____

Email Address: _____

Signature: _____