

**Davis Polk**

Dana M. Seshens
+1 212 450 4855
dana.seshens@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

September 18, 2025

Re: *Comcast Cable Communications Management, LLC, et al. v. MaxLinear, Inc.*, No. 23-cv-04436-AKH

The Honorable Alvin K. Hellerstein
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Dear Judge Hellerstein:

We represent Plaintiffs-Counterclaim Defendants Comcast Cable Communications Management, LLC and Comcast Cable Communications, LLC (collectively, "Plaintiffs" or "Comcast") in the above-referenced action. We write pursuant to Rule 4(B)(ii) of Your Honor's Individual Rules and the parties' Amended Stipulated Protective Order (ECF No. 118) to respectfully request permission to file the following documents in redacted form and to file the unredacted versions of the same under seal:

- Joint Letter concerning MaxLinear's Requests for Production ("RFP") No. 66 and 67 (the "Joint Letter");

- Excerpts from a Comcast internal document produced with Bates number CMCST00688320, Exhibit 2 to the Joint Letter;

- Excerpts from a Comcast internal document produced with Bates number CMCST00736073, Exhibit 3 to the Joint Letter;

- Excerpts from the transcript of the deposition of a Comcast executive, Exhibit 5 to the Joint Letter; and

- MaxLinear's Responses and Objections to Comcast Interrogatory No. 5, Exhibit 6 to the Joint Letter.[1]

A party may file documents under seal where "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citation omitted). Among those higher values, good cause exists to protect from public disclosure confidential business or commercial information. *See, e.g., Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) ("The interest in protecting business information that might harm a litigant's competitive standing has, at a minimum, been recognized by the Supreme Court as potentially sufficient to defeat the common law presumption of access." (citation and quotations omitted)), *aff'd sub nom Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009).

---

[1] The parties have met and conferred, and MaxLinear has advised that, pending review of Comcast's specific proposed redactions upon filing, it does not oppose this request.

**Davis Polk**

Here, Comcast seeks to redact certain information in the Joint Letter and Exhibits 2, 3, and 5 that reflect (1) confidential business information about Comcast's rollout plans for its cable network as well as its commercial arrangement with certain vendors, including confidential terms of its arrangements with MaxLinear and other non-party vendors, and (2) sensitive market information about Comcast's broadband Internet business and customers. If the information that is the subject of Comcast's redaction request were disclosed publicly, Comcast would experience "financial harm" and "competitive disadvantage" because Comcast's competitors would have access to the information. *See e.g.*, *Standard Inv. Chartered*, 347 F. App'x at 617 (affirming district court's decision to protect from disclosure information that could cause "significant competitive disadvantage" to the defendant, including by allowing a competitor to "deduce [the defendant]'s negotiation tactics"); *News Corp. v. CB Neptune Holdings, LLC*, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (sealing information that would likely result in competitive harm). Among other things, publicizing the commercial terms of Comcast's vendor relationships could put Comcast and/or its vendors at a disadvantage in future negotiations if third-party competitors had access to them. *See Standard Inv. Chartered*, 347 F. App'x at 617 (sealing information that would allow a competitor to "deduce [the defendant]'s negotiation tactics"); *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) (granting motion to seal documents containing terms of agreements between the company and third parties because disclosure "could harm the [company] and/or its business partners by disadvantaging them in negotiating future…agreements"). Further, the information therein related to Comcast's confidential business information and strategies, if disclosed, "may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (citation omitted).

Accordingly, any public interest in gaining access to these materials is outweighed by the parties' commercial interests and the financial harm and commercial disadvantages that Comcast may suffer as a result of disclosure. Indeed, the Court has previously permitted redactions similar in nature and scope at the request of both Comcast and MaxLinear. (*See* ECF No. 56.)

Comcast understands that MaxLinear contends that Exhibit 6 contains confidential, proprietary, and/or trade-secret information regarding its technology. Comcast disagrees with MaxLinear's position, but nevertheless seeks to temporarily redact Exhibit 6, and certain information related thereto in the Joint Letter, to afford MaxLinear an opportunity to apply for permanent sealing should it wish to do so. Comcast's proposed redactions do not reflect Comcast's view that any redacted information is confidential or trade secret information.

For the foregoing reasons, Comcast respectfully requests that the Court accept the narrowly tailored redacted versions of the Joint Letter and Exhibits 2, 3, 5 and 6.

\*         \*         \*

As required by Rule 4(B)(ii) of Your Honor's Individual Rules, a complete set of the aforementioned documents, with redactions, is filed herewith on the public docket, and a second complete set of the same, with the redactions highlighted, is filed herewith under seal.

# Davis Polk

We are available to provide any additional information that would be helpful to the Court and thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Dana M. Seshens*

Dana M. Seshens

cc:      All Counsel of Record (via ECF)

**Electronic Filing**