**Davis Polk**

Dana M. Seshens
+1 212 450 4855
dana.seshens@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

September 29, 2025

Re: *Comcast Cable Communications Management, LLC, et al. v. MaxLinear, Inc.*, No. 23-cv-04436-AKH

The Honorable Alvin K. Hellerstein
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

*So ordered 9-30-25*
*[signature] A. K. Hellerstein*

Dear Judge Hellerstein:

We represent Plaintiffs Comcast Cable Communications Management, LLC and Comcast Cable Communications, LLC (collectively, "Plaintiffs" or "Comcast") in the above-referenced action. We write pursuant to Rule 4(B)(ii) of Your Honor's Individual Rules and the parties' Amended Stipulated Protective Order (ECF No. 118) to respectfully request permission to file the following documents under seal in connection with the Parties' Joint Letter concerning MaxLinear's Requests for Production ("RFP") No. 21 (the "Joint Letter"):

- A Comcast internal document produced with Bates number CMCST00389199, MaxLinear Exhibit 3 to the Joint Letter;

- A Comcast internal document produced with Bates number CMCST00066685, MaxLinear Exhibit 5 to the Joint Letter;

- A document containing Comcast confidential information produced with Bates number BCM0056823, MaxLinear Exhibit 6 to the Joint Letter;

- Excerpts from the transcript of the deposition of Richard Prodan, MaxLinear Exhibit 7 to the Joint Letter;

- Excerpts from the transcript of the deposition of Niki Pantelias, MaxLinear Exhibit 8 and Comcast Exhibit C to the Joint Letter, which the Parties understand contain Broadcom's confidential information, and which the Parties are provisionally filing under seal to afford Broadcom an opportunity to apply for permanent sealing should it wish to do so.[1]

Comcast also requests that the Court permit MaxLinear to file the Joint Letter itself with certain corresponding redactions and to file the unredacted version of the same under seal.

A party may file documents under seal where "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citation omitted). Among those higher values, good cause exists to protect from public disclosure confidential business or commercial information. *See, e.g., Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) ("The interest in protecting business

---

[1] The parties have met and conferred, and MaxLinear has advised that it does not oppose Comcast's application to seal the above-referenced material.

# Davis Polk

information that might harm a litigant's competitive standing has, at a minimum, been recognized by the Supreme Court as potentially sufficient to defeat the common law presumption of access." (citation and quotations omitted)), aff'd sub nom *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009).

Here, Comcast seeks to file under seal MaxLinear Exhibits 3, 5, 6, and 7 to the Joint Letter, which reflect (1) confidential business information about Comcast's strategy with respect to developing and maintaining its network, and (2) confidential business information about Comcast's relationships and negotiations with third-party vendors. If the information that is the subject of Comcast's sealing request were disclosed publicly, Comcast would experience "competitive disadvantage" because Comcast's competitors would have access to the information. *See e.g., Standard Inv. Chartered*, 347 F. App'x at 617 (affirming district court's decision to protect from disclosure information that could cause "significant competitive disadvantage" to the defendant, including by allowing a competitor to "deduce [the defendant]'s negotiation tactics"); *News Corp. v. CB Neptune Holdings, LLC*, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (sealing information that would likely result in competitive harm). Among other things, publicizing the details of Comcast's vendor relationships and Comcast's negotiations with those vendors could put Comcast and/or its vendors at a disadvantage in future negotiations if third-party competitors had access to them. *See Standard Inv. Chartered*, 347 F. App'x at 617 (sealing information that would allow a competitor to "deduce [the defendant]'s negotiation tactics"). Further, the information therein related to Comcast's confidential business information and network strategy, if disclosed, "may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (citation omitted). Accordingly, any public interest in gaining access to these materials is outweighed by the Parties' commercial interests and the commercial and competitive disadvantages that Comcast may suffer as a result of disclosure. The Court has previously permitted the redaction and sealing of documents similar in nature at the request of both Comcast and MaxLinear. (*See* ECF No. 56.)

For the foregoing reasons, Comcast respectfully requests that the Court accept the narrowly tailored redacted version of the Joint Letter and file under seal MaxLinear Exhibits 3, 5, 6, and 7.

Additionally, the Parties understand that Broadcom contends that MaxLinear Exhibit 8 and Comcast Exhibit C contain Broadcom's confidential information. The Parties are filing under seal Exhibit 8 and Exhibit C, and certain information related thereto in the Joint Letter, to afford Broadcom an opportunity to apply for permanent sealing should it wish to do so.

\*     \*     \*

# Davis Polk

As required by Rule 4(B)(ii) of Your Honor's Individual Rules, we understand that MaxLinear intends to file a redacted version of the Joint Letter on the public docket and another version of the Joint Letter, along with the above-referenced exhibits, under seal with the redactions highlighted.

We are available to provide any additional information that would be helpful to the Court and thank the Court for its consideration of this request.

Respectfully submitted,

/s/ Dana M. Seshens

Dana M. Seshens

cc:   All Counsel of Record (via ECF)

**Electronic Filing**