# Quarles

2020 K Street NW
Suite 400
Washington, D.C. 20006
Tel: 202-372-6300
Fax: 202-372-9599
www.quarles.com

Attorneys at Law in
Chicago
Denver
Indianapolis
Madison
Milwaukee
Minneapolis
Naples
Phoenix
San Diego
St. Louis
Tampa
Tucson
Washington, D.C.

October 2, 2025

So ordered
10/3/25
[signature] AK Hellerstein

**VIA ECF**

The Honorable Alvin K. Hellerstein
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Comcast Cable Communications Management, LLC, et al. v. MaxLinear, Inc.*, **No. 23-cv-04436-AKH**

Dear Judge Hellerstein:

This firm represents subpoenaed nonparty Broadcom Corporation ("Broadcom") in the above-referenced matter. I write pursuant to the Amended Stipulated Protective Order (ECF No. 118) and Rule 4(B)(i) of this Court's Individual Rules to respectfully request that certain exhibits to the Letter Motion for Discovery filed on September 29, 2025 (ECF No. 210) ("Joint Letter") remain permanently sealed.

Comcast Exhibit C to the Joint Letter consists of excerpts of the deposition transcript of Broadcom employee Niki Pantelias, who testified as a corporate representative on behalf of Broadcom in response to the parties' subpoenas to Broadcom. Ms. Pantelias's testimony set forth in Exhibit C contains confidential information concerning Broadcom's internal design and business processes.

MaxLinear Exhibit 8 consists of additional excerpts from Ms. Pantelias's deposition transcript. The excerpts beginning on page 10 of the document likewise contain confidential information concerning Broadcom's internal design processes.

A party may file documents under seal where "closure is essential to preserve higher values and is narrowly tailored to service that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citation omitted). "The interest in protecting 'business information that might harm a litigant's competitive standing' has, at a minimum, been

The Honorable Alvin K. Hellerstein
Page 2

recognized by the Supreme Court as potentially sufficient to defeat the common law presumption" of access. *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. 07-CV-2014 (SWK), 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Here, Broadcom seeks to maintain the confidentiality of testimony reflecting Broadcom's sensitive internal business and design practices regarding its products. In particular, Ms. Pantelias's testimony reflects aspects of the decision-making process during the design of the Broadcom products at issue in this case, as well as certain technical innovations and development milestones that are internal and confidential to Broadcom. Broadcom would suffer competitive harm if this information were to be made public, as it would provide visibility to Broadcom's competitors as to how Broadcom designs its products. Thus, maintaining the documents under seal is warranted.

Further, Broadcom is submitting with this letter redacted versions of the exhibits to ensure that only those portions requiring confidentiality remain sealed. Broadcom's requested closure is thus narrowly tailored.

For the foregoing reasons, Broadcom respectfully requests that the Court accept the narrowly tailored redacted versions of Exhibits C and 8, and maintain the unredacted versions of Exhibits C and 8 under seal permanently.

Respectfully submitted,

*/s/ Lauren Bolcar*

Lauren Bolcar

Enclosures

cc: All Counsel of Record (via ECF)