# KIRKLAND & ELLIS LLP

2049 Century Park East
Los Angeles, CA 90067
United States

Sharre Lotfollahi, P.C.
To Call Writer Directly:
+1 213 680 8673
sharre.lotfollahi@kirkland.com

+1 310 552 4200

www.kirkland.com

Facsimile:
+1 310 552 5900

November 13, 2025

*[handwritten: So ordered 11-13-25 (signature)]*

**VIA CM/ECF**

Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, NY 10007

Re:   *Comcast Cable Communications Management, LLC, et al. v. MaxLinear, Inc.*, Case No. 1:23-cv-04436-AKH

Dear Judge Hellerstein:

We represent Defendant-Counterclaim Plaintiff MaxLinear, Inc. ("MaxLinear") in connection with the above-captioned action. We write regarding the November 5, 2025 letter motion filed by Plaintiffs-Counterclaim Defendants Comcast Cable Communications Management and Comcast Cable Communications, LLC (collectively, "Comcast"). *See* ECF 218. In that letter motion, Comcast requested permission to file Comcast's Responses to the Court's October 17, 2025 Order Regulating Proceedings ("Comcast's Responses") with temporary redactions of information that MaxLinear and Entropic have designated confidential under the Protective Order entered by this Court. *Id.*; *see also* ECF 219 (Comcast's Responses). The Court granted Comcast's letter-motion. *See* ECF 224.

MaxLinear now respectfully requests that the Court order that certain information redacted from Comcast's Responses remain under permanent seal and has attached a proposed redacted version of Comcast's Responses for the public docket as Exhibit 1. Comcast does not oppose the relief sought in this letter motion. Specifically, MaxLinear requests that the following redacted statements remain sealed:

- All redacted statements on page 2 of Comcast's Responses.

- The statement set off by em dashes in clause (i) of the list on page 11 of Comcast's Responses.

# KIRKLAND & ELLIS LLP

Hon. Alvin K. Hellerstein
November 13, 2025
Page 2

- The entirety of the statement in clause (iv) of the list on page 11 of Comcast's Responses.

- The entire redacted statement on page 14 of Comcast's Responses.

Although Comcast did not attach the documents to its Responses, each of the identified statements arises from either or both of two documents—the Patent Purchase Agreement ("PPA") entered between MaxLinear and Entropic, and a confidential settlement communication between MaxLinear and Entropic relating to that agreement. Permanent sealing of the statements in Comcast's Responses disclosing the substance of those two documents is proper.

The right of public access to judicial documents is presumptive, "not absolute." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "Courts in this Circuit regularly seal information that might disclose trade secrets or confidential business information." *Iacovacci v. Brevet Holdings, LLC*, 2022 WL 101907, at *2 (S.D.N.Y. Jan. 11, 2022). Likewise, Courts in the Second Circuit routinely acknowledge that confidential settlement documents can overcome the presumption of public access. *See, e.g., SEC v. Ripple Labs, Inc.*, 2023 WL 3477552, at *7 (S.D.N.Y. May 16, 2023); *Thomas v. City of New York*, 2025 WL 2671597, at *3 (E.D.N.Y. Sept. 18, 2025). There is no prejudice to the public here, "as, given the limited scope of the redactions," nearly all of Comcast's Responses will "be available to the public." *Thomas*, 2025 WL 2671597, at *3 (citing *TufAmerica, Inc. v. Songs of Universal, Inc.*, 2025 WL 1225210, at *2 (S.D.N.Y. Apr. 24, 2025)).

This Court has already permitted the permanent sealing of the Patent Purchase Agreement between MaxLinear and Entropic following MaxLinear's explanation that the PPA contained competitively sensitive information affecting both MaxLinear's and non-party Entropic's ability to effectively negotiate future transactions. *See* ECF 223. For the same reasons underlying MaxLinear's motion to seal the PPA and this Court's order permanently sealing the PPA, MaxLinear requests the permanent redaction of the statements in Comcast's Responses that disclose the substance of the terms of the PPA.[1]

The statements in Comcast's Responses that disclose confidential settlement communications between MaxLinear and Entropic relating to the PPA should likewise be permanently redacted.[2] "Protecting the confidentiality of the settlement negotiation process

---

[1] The specific redacted statements disclosing the terms of the PPA are: the first, second, and third redactions on page 2 of Comcast's Responses; the statement set off by em dashes in clause (i) on page 11 of Comcast's Responses; the entirety of clause (iv) on page 11 of Comcast's Responses; and the portion of the redacted statement preceding the em dash on page 14 of Comcast's Responses.

[2] The specific redacted statements disclosing confidential communications are: the fourth redaction on page 2 of Comcast's Responses; and the portion of the redacted statement following the em dash on page 14 of Comcast's Responses.

# KIRKLAND & ELLIS LLP

Hon. Alvin K. Hellerstein
November 13, 2025
Page 3

represents a significant countervailing factor that can outweigh the presumption of public access and warrant the sealing of settlement negotiations materials." *Atlantic Specialty Ins. Co. v. Royal Alliance Associates, Inc.*, 2023 WL 8600548, at *2 (S.D.N.Y. Dec. 12, 2023) (brackets omitted). The contents of the MaxLinear-Entropic communication which Comcast discloses in its Responses are not at the heart of this dispute, and MaxLinear owes confidentiality obligations to non-party Entropic regarding the content of those communications. *See Ripple Labs*, 2023 WL 3477552, at *7 (holding that "confidential settlement agreements should be sealed because the contents of these settlement agreements have minimal relevance to the [pending] motions, and [the movant's] confidentiality obligations to non-parties implicate a competing interest that overcomes the presumption of public access to these documents" (citing *Adler v. Solar Power, Inc.*, 2019 WL 1321493, at *2 (S.D.N.Y. Aug. 22, 2019))).

For these reasons, MaxLinear respectfully requests that the redactions in Comcast's Responses identified in this letter motion remain permanently sealed.[3]

Respectfully submitted,

*/s/ Sharre Lotfollahi, P.C.*
Sharre Lotfollahi, P.C.

Cc:    All Counsel of Record (via ECF)

---

[3]    MaxLinear does not seek permanent sealing of the following temporary redactions in Comcast's Responses: the redacted statement on page 3; the statement following the second em dash in clause (i) of the list on page 11; and the redactions in clauses (ii) and (iii) on page 11.