**DavisPolk**

Dana M. Seshens
+1 212 450 4855
dana.seshens@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

*So ordered
2-11-26*

January 29, 2026

Re: *Comcast Cable Commc'ns Mgmt., LLC et al. v. MaxLinear, Inc.*, No. 1:23-cv-04436-AKH

The Honorable Alvin K. Hellerstein
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Dear Judge Hellerstein:

We represent Plaintiffs-Counterclaim Defendants Comcast Cable Communications Management, LLC and Comcast Cable Communications, LLC (collectively "Plaintiffs" or "Comcast") in the above-referenced action. We write pursuant to Rule 4(B)(i) of Your Honor's Individual Rules and the Amended Stipulated Protective Order (ECF No. 118) to respectfully request permission (i) to file Comcast's Responses to the Court's January 7, 2026 Order to Show Cause and Regulating Proceedings ("Comcast's Responses") in redacted form and to file an unredacted version of the same under seal and (ii) to file under seal Exhibit 1 to the Declaration of Dana M. Seshens in Support of Comcast's Responses to the Court's Order to Show Cause and Regulating Proceeding, which is a Settlement Agreement between Entropic Communications, LLC and Comcast Corporation and Comcast Cable Communications, LLC, dated January 26, 2026 (the "Settlement Agreement").

A party may file documents under seal where "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citation omitted). Among those higher values, good cause exists to protect from public disclosure confidential business or commercial information. *See, e.g., Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) ("The interest in protecting business information that might harm a litigant's competitive standing has, at a minimum, been recognized by the Supreme Court as potentially sufficient to defeat the common law presumption of access." (citation and quotations omitted)), *aff'd sub nom Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009).

Here, Comcast's Responses and the Settlement Agreement reflect commercially sensitive Comcast and Entropic information concerning intellectual property licensing and resolution of the California Lawsuits.[1] Among other things, publicizing the details of the Settlement Agreement could harm Comcast and Entropic in other intellectual property and business matters. *See, e.g., Adler v. Solar Power, Inc.*, 2019 WL 13214943, at *2 (S.D.N.Y. Aug. 22, 2019) (granting motion to seal "confidential agreements and settlement agreements with third parties"); *Richmond v. Montefiore Med. Ctr.*, 2023 WL 6211978, at *8 (S.D.N.Y. Sept. 25, 2023) (same). Comcast and Entropic both recognized the importance of maintaining the confidentiality of the terms of the Settlement Agreement and included a confidentiality provision in the Settlement Agreement to that end. Accordingly, any public interest in gaining access to the Settlement Agreement's

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in Comcast's Fourth Amended Complaint (ECF No. 142).

## Davis Polk    The Honorable Alvin K. Hellerstein

terms is outweighed by the commercial and competitive disadvantages that Comcast and third-party Entropic may suffer as a result of disclosure.

Comcast has also proposed to redact from its Responses one piece of discovery-related information that MaxLinear designated as highly confidential pursuant to the parties' above-referenced Protective Order. MaxLinear has previously sought to have this exact information sealed as reflecting competitively sensitive information (see ECF Nos. 226, 232), and the Court has granted those sealing requests (see ECF Nos. 229, 233).

Accordingly, Comcast respectfully requests that the Court accept the narrowly tailored redactions in Comcast's Responses and allow the Settlement Agreement to be filed under permanent seal. Comcast has conferred with counsel for MaxLinear, and MaxLinear does not oppose this request.

Comcasts submits herewith: (i) an unredacted copy of Comcast's Responses, with Comcast's proposed redactions highlighted, which, if Comcast's application were granted, would be placed under permanent seal; (ii) a proposed public version of Comcast's Responses with redactions applied; and (iii) an unredacted copy of the Settlement Agreement, which, if Comcast's application were granted, would be placed under permanent seal.

Respectfully submitted,

Dana M. Seshens

cc:    All Counsel of Record (via ECF)

January 29, 2026                                                                                   2