UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
COMCAST CABLE COMMUNICATIONS      :
MANAGEMENT, LLC, COMCAST CABLE    :      **<u>ORDER REGULATING</u>**
COMMUNICATIONS, LLC,              :      **<u>PROCEEDINGS</u>**
                                  :
    Plaintiffs-Counterclaim Defendants,   :      23 Civ. 4436 (AKH)
                                  :
    -against-                 :
                                  :
MAXLINEAR, INC.,                  :
                                  :
    Defendant-Counterclaim Plaintiff.   :
------------------------------------------------------------- X
ALVIN K. HELLERSTEIN, U.S.D.J.:

On January 7, 2026, I asked the parties to brief a series of questions on an order to show cause. ECF No. 238. Comcast Cable Communications Management, LLC and Comcast Cable Communications, LLC (collectively "Comcast") and MaxLinear, Inc. ("MaxLinear") each submitted briefs stating their positions. I hold the following on each question:

1. **Whether pursuant to Rule 54(b) judgment should not be entered declaring that MaxLinear's attempted termination of the Vendor Support Agreement ("VSA") on May 18, 2023 was invalid and that the VSA remained in full force and effect until at least August 21, 2025.**

I previously held that the earliest termination date of the VSA was August 21, 2025. That date having passed, a declaratory judgment on the VSA's termination date would provide no prospective relief to either party under the contract. Comcast had argued that the entry of a declaratory judgment would benefit its litigation against Entropic Communications LLC ("Entropic") in the Central District of California. However, Comcast and Entropic have since reached a settlement agreement and that litigation has terminated. Therefore, the entry of declaratory judgment has no bearing on any party's rights and has become moot. As such, I dismiss Comcast's claim for declaratory judgment, Count I of Comcast's Fourth Amended Complaint, as moot.

2. **Whether pursuant to Federal Rule of Civil Procedure 21, Count II of Comcast's Fourth Amended Complaint should not be severed and transferred under 28 U.S.C. 1404(a) to the Central District of California to be considered alongside the existing litigation between Comcast and Entropic Communications LLC ("Entropic"), the assignee of MaxLinear's patents.**

Following the settlement of Comcast and Entropic's litigation in the Central District of California, I agree that the benefit of transferring the case is limited.  Therefore, I will not sever Comcast's claims and will not transfer the case.

3. **Whether, for the continuation of this case, the parties should not be realigned with MaxLinear as plaintiff with respect to its counterclaims alleging breach of contract and misappropriation of trade secrets.**

Comcast retains Count II, whether Comcast is entitled to indemnification for its costs in the California litigation under the VSA.  Therefore, I shall not realign the parties at this time.

4. **Whether, as to Count III of Comcast's Fourth Amended Complaint alleging breach of the implied covenant of good faith and fair dealing should not be dismissed, as repetitive of Counts I and II.**

New York law generally "does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled" such that "[a] claim for breach of the implied covenant will be dismissed as redundant where the conduct allegedly violating the implied covenant is also the predicate for breach of covenant of an express provision of the underlying contract." *Harris v. Provident Life & Acc. Ins. Co.*, 310 F.3d 73, 80-81 (2d Cir. 2002); *see also EFG Bank AG, Cayman Branch v. AXA Equitable Life Ins. Co.*, 309 F. Supp. 3d 89, 94-95 (S.D.N.Y. 2018) ("[A]n implied covenant claim is not a valid alternative theory of recovery when it is based on the exact same allegations as a breach-of-contract claim").

While Comcast is correct that "a plaintiff can plead a claim for breach of the covenant of good faith and fair dealing where there is a dispute over the existence, scope, or enforceability of the putative contract," *Spencer-Smith v. Ehrlich*, 347 F.R.D. 606, 627 (S.D.N.Y. 2024) (citations

omitted), an implied covenant cannot create a duty that is broader than what was agreed to in the contract.  *See EFG Bank AG*, 309 F. Supp. 3d at 94.  Therefore, if the VSA is held to not cover the conduct at issue, Comcast cannot recover on an alternative theory of breach of an implied covenant.  As such, Comcast's claims in Count III are repetitive of Count II and are dismissed.

## CONCLUSION

Therefore, for the foregoing reasons, I dismiss Counts I and III of Comcast's Complaint with prejudice.  The parties shall appear for a status conference on March 6, 2026 at 10 a.m.

SO ORDERED.

Dated:          February 20, 2026                    _____/s/ Alvin K. Hellerstein_____
               New York, New York                    ALVIN K. HELLERSTEIN
                                                     United States District Judge

3