**Davis Polk**

Dana M. Seshens
+1 212 450 4855
dana.seshens@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

March 6, 2026

Re: *Comcast Cable Communications Management, LLC, et al. v. MaxLinear, Inc.*, No. 23-cv-04436-AKH

The Honorable Alvin K. Hellerstein
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

*So Ordered
3-11-26
[signature]*

Dear Judge Hellerstein:

We represent Plaintiffs Comcast Cable Communications Management, LLC and Comcast Cable Communications, LLC (collectively, "Plaintiffs" or "Comcast") in the above-referenced action. We write pursuant to Rule 4(B)(ii) of Your Honor's Individual Rules and the parties' Amended Stipulated Protective Order (ECF No. 118) to respectfully request permission (i) to file Comcast's Brief Regarding the Law on Trade Secret Damages ("Comcast's Brief") in redacted form and to file an unredacted version of the same under seal and (ii) to file the following documents under seal in connection with Comcast's Brief:

- Exhibit 1 to the Declaration of Dana M. Seshens in Support of Comcast's Brief, a MaxLinear internal document produced with Bates number MXL0000000675, which Comcast understands has been designated by MaxLinear as confidential, and which Comcast is provisionally filing under seal to afford MaxLinear an opportunity to apply for permanent sealing should it wish to do so;

- Exhibit 2 to the Declaration of Dana M. Seshens in Support of Comcast's Brief, a MaxLinear internal document produced with Bates number MXL0000000644, which Comcast understands has been designated by MaxLinear as confidential, and which Comcast is provisionally filing under seal to afford MaxLinear an opportunity to apply for permanent sealing should it wish to do so;

- Exhibit 3 to the Declaration of Dana M. Seshens in Support of Comcast's Brief, an excerpt from the transcript of the deposition of Steve Krapp, which Comcast understands has been designated by MaxLinear as confidential, and which Comcast is provisionally filing under seal to afford MaxLinear an opportunity to apply for permanent sealing should it wish to do so;

- Exhibit 4 to the Declaration of Dana M. Seshens in Support of Comcast's Brief, a Comcast internal document produced with Bates number CMCST00495846, which Comcast understands also contains Broadcom's confidential information;

- Exhibit 5 to the Declaration of Dana M. Seshens in Support of Comcast's Brief, an excerpt from the transcript of the deposition of Niki Pantelias, which Comcast understands contains Broadcom's confidential information, and which Comcast is provisionally filing under seal to afford Broadcom an opportunity to apply for permanent sealing should it wish to do so;

- Exhibit 6 to the Declaration of Dana M. Seshens in Support of Comcast's Brief, MaxLinear's Responses and Objections to Comcast's Second Set of Interrogatories, which Comcast understands has been designated by MaxLinear as confidential, and which Comcast is

# Davis Polk

provisionally filing under seal to afford MaxLinear an opportunity to apply for permanent sealing should it wish to do so.

A party may file documents under seal where "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citation omitted). Among those higher values, good cause exists to protect from public disclosure confidential business or commercial information. *See, e.g., Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) ("The interest in protecting business information that might harm a litigant's competitive standing has, at a minimum, been recognized by the Supreme Court as potentially sufficient to defeat the common law presumption of access." (citation and quotations omitted)), *aff'd sub nom Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009).

Here, Comcast seeks to file under seal Exhibit 4 to the Declaration of Dana M. Seshens in Support of Comcast's Brief, which reflects Comcast's and Broadcom's confidential business information about the technology utilized in Comcast's network. If the information that is the subject of Comcast's sealing request were disclosed publicly, Comcast would experience "competitive disadvantage" because Comcast's competitors would have access to the information. *See e.g., News Corp. v. CB Neptune Holdings, LLC*, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (sealing information that would likely result in competitive harm). Further, the information therein related to Comcast's confidential business information and network strategy, if disclosed, "may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (citation omitted). Accordingly, any public interest in gaining access to these materials is outweighed by the Parties' commercial interests and the commercial and competitive disadvantages that Comcast may suffer as a result of disclosure. The Court has previously permitted the sealing of documents similar in nature at the request of both Comcast and MaxLinear. (*See* ECF No. 56.)

For the foregoing reasons, Comcast respectfully requests that the Court file under seal Exhibit 4.

Additionally, Comcast understands that MaxLinear contends that Exhibits 1, 2, 3, and 6 contain MaxLinear's confidential information. Comcast is filing under seal Exhibits 1, 2, 3, and 6 and redacting certain information related thereto in Comcast's Brief, to afford MaxLinear an opportunity to apply for permanent sealing should it wish to do so. Comcast is also redacting additional information in its brief that is based on materials that MaxLinear has designated as confidential. Similarly, Comcast understands that Broadcom contends that Exhibit 5 contains Broadcom's confidential information. Comcast is filing under seal Exhibit 5, and redacting certain information related thereto in Comcast's Brief, to afford Broadcom an opportunity to apply for permanent sealing should it wish to do so.

*     *     *

# Davis Polk

As required by Rule 4(B)(ii) of Your Honor's Individual Rules, Comcast is filing a redacted version of Comcast's Brief on the public docket and another version of Comcast's Brief, along with the above-referenced exhibits, under seal with the redactions highlighted.

We are available to provide any additional information that would be helpful to the Court and thank the Court for its consideration of this request.

Respectfully submitted,

/s/ Dana M. Seshens

Dana M. Seshens

cc:    All Counsel of Record (via ECF)

**Electronic Filing**

March 6, 2026                                                                                          3