**Davis Polk**

Dana M. Seshens
+1 212 450 4855
dana.seshens@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

March 25, 2026

Re: *Comcast Cable Communications Management, LLC, et al. v. MaxLinear, Inc.*, No. 23-cv-04436-AKH

The Honorable Alvin K. Hellerstein
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Dear Judge Hellerstein:

We represent Plaintiffs Comcast Cable Communications Management, LLC and Comcast Cable Communications, LLC (collectively, "Plaintiffs" or "Comcast") in the above-referenced action.  We write pursuant to Rule 4(B)(ii) of Your Honor's Individual Rules and the parties' Amended Stipulated Protective Order (ECF No. 118) to respectfully request that the Court order that certain exhibits and certain information related thereto in MaxLinear's Reply Brief Regarding the Law Involved with Trade Secret Damages (ECF No. 266) ("MaxLinear's Brief") remain under permanent seal. Specifically, Comcast requests that the following exhibits remain sealed:

- Page 48 of Exhibit D to MaxLinear's Brief, excerpts from the deposition transcript of Elad Nafshi; and

- Exhibit H to MaxLinear's Brief, a Comcast internal document produced with Bates number CMCST00784908.

In addition, Comcast requests that the following redacted statements in MaxLinear's Brief remain sealed:

- The redacted statements concerning Exhibit H in the last line of page 4 and first line of page 5 of MaxLinear's Brief.

A party may file documents under seal where "closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citation omitted).  Among those higher values, good cause exists to protect from public disclosure confidential business or commercial information.  *See, e.g.*, *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) ("The interest in protecting business information that might harm a litigant's competitive standing has, at a minimum, been recognized by the Supreme Court as potentially sufficient to defeat the common law presumption of access." (citation and quotations omitted)), *aff'd sub nom Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009).

Here, Comcast seeks to permanently seal Page 48 of Exhibit D and the entirety of Exhibit H to MaxLinear's Brief, which reflect (1) confidential business information about Comcast's strategy with respect to developing and maintaining its network, and (2) confidential business information about Comcast's relationships and negotiations with third-party vendors. If the information that is the subject of Comcast's sealing request were disclosed publicly, Comcast would experience "competitive disadvantage" because Comcast's competitors would have access to the information.  *See e.g.*, *Standard*

**Davis Polk**

*Inv. Chartered*, 347 F. App'x at 617 (affirming district court's decision to protect from disclosure information that could cause "significant competitive disadvantage" to the defendant, including by allowing a competitor to "deduce [the defendant]'s negotiation tactics"); *News Corp. v. CB Neptune Holdings, LLC*, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (sealing information that would likely result in competitive harm).  Among other things, publicizing the details of Comcast's vendor relationships and Comcast's negotiations with those vendors could put Comcast and/or its vendors at a disadvantage in future negotiations if third-party competitors had access to them.  *See Standard Inv. Chartered*, 347 F. App'x at 617.  Further, the information therein related to Comcast's confidential business information and network strategy, if disclosed, "may provide valuable insights into a company's current business practices that a competitor would seek to exploit."  *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (citation omitted). Accordingly, any public interest in gaining access to these materials is outweighed by the Parties' commercial interests and the commercial and competitive disadvantages that Comcast may suffer as a result of disclosure.  The Court has previously permitted the sealing of documents similar in nature at the request of both Comcast and MaxLinear.  (*See* ECF No. 56.)

For the foregoing reasons, Comcast respectfully requests that Page 48 of Exhibit D and Exhibit H remain permanently sealed, and that the redactions in MaxLinear's Brief identified in this letter motion also remain permanently sealed.

We are available to provide any additional information that would be helpful to the Court and thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Dana M. Seshens*

Dana M. Seshens

cc:      All Counsel of Record (via ECF)

**Electronic Filing**

**So ordered.**

**/s/ Alvin K. Hellerstein**
**U.S.D.J.**
**April 20, 2026**