# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

Sharre Lotfollahi, P.C.
To Call Writer Directly:
+1 213 680 8673
sharre.lotfollahi@kirkland.com

2049 Century Park East
Los Angeles, CA 90067
United States

+1 310 552 4200

www.kirkland.com

Facsimile:
+1 310 552 5900

March 20, 2026

**So ordered.**

**/s/ Alvin K. Hellerstein**
**U.S.D.J.**
**April 20, 2026**

**VIA CM/ECF**

Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, NY 10007

Re:    *Comcast Cable Communications Management, LLC, et al. v. MaxLinear, Inc.*, Case No. 1:23-cv-04436-AKH

Dear Judge Hellerstein:

We represent Defendant-Counterclaim Plaintiff MaxLinear, Inc. ("MaxLinear") in connection with the above-captioned action. We write pursuant to Rule 4(B)(i) of Your Honor's Individual Rules and the parties' Amended Stipulated Protective Order (ECF No. 118) to respectfully request permission (i) to file MaxLinear's Reply Brief Regarding the Law Involved with Trade Secret Damages ("MaxLinear's Brief") in redacted form and to file an unredacted version of the same under seal, (ii) to permanently file under seal certain MaxLinear's documents in connection with MaxLinear's Brief, and (iii) to provisionally file under seal certain documents from Comcast, Broadcom, or CommScope to afford them an opportunity to apply for permanent sealing should they wish to do so.

***First***, MaxLinear respectfully requests that the Court order that certain information in MaxLinear's Brief and certain MaxLinear documents in connection with MaxLinear's Brief be filed under permanent seal. Specifically, MaxLinear requests that the following exhibits remain sealed:

- MaxLinear's Brief. MaxLinear respectfully requests that the Court order that certain information in MaxLinear's Brief be filed under redaction. Specifically, page 4 of MaxLinear's Brief contains narrow redactions related to Exhibit C, which as explained below, is MaxLinear's internal document produced with Bates number

# KIRKLAND & ELLIS LLP

Honorable Alvin K. Hellerstein
March 20, 2026
Page 2

> MXL0000006501, and which MaxLinear is seeking permanent sealing protection from disclosure.

- Exhibit C, a MaxLinear internal document produced with Bates number MXL0000006501, and which MaxLinear is seeking permanent sealing protection from disclosure. This document contains or refers to MaxLinear's confidential and proprietary trade secret information at the heart of this case.

- Exhibit F, an excerpt from the transcript of the deposition of Stefan Nafshi, which has been designated by MaxLinear as highly confidential, and which MaxLinear is seeking permanent sealing protection from disclosure.

- Exhibit G, a MaxLinear document produced with Bates number MXL0000004952, and which MaxLinear is seeking permanent sealing protection from disclosure. This is the June 29, 2020 Non-Disclosure Agreement between MaxLinear and Comcast. This contract contains confidential business terms and proprietary information that, if publicly disclosed, could cause competitive harm to the parties.

The right of public access to judicial documents is presumptive, "not absolute." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "Courts in this Circuit regularly seal information that might disclose trade secrets or confidential business information." *Iacovacci v. Brevet Holdings, LLC*, 2022 WL 101907, at *2 (S.D.N.Y. Jan. 11, 2022); *see also Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, … and the like satisfy the sealing standard." (quotations omitted)); *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999) ("Documents falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like."). In such cases, "safeguarding trade secrets can overcome the presumption of [public] access [to court documents]." *Hesse v. Sungard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013); *see also Richards v. Kallish*, 2023 WL 6276684, at *3 (S.D.N.Y. Sept. 26, 2023) ("The protection of trade secrets is value that may be sufficient to defeat the First Amendment presumption of public access."). That is why courts have ordered the sealing of documents that "facially contain trade secrets" even over another party's objection. *Id*.

Here, MaxLinear seeks to file under seal Exhibits C, F, G, which reflect MaxLinear's confidential business information, as addressed above. If the information that is the subject of MaxLinear's sealing request were disclosed publicly, MaxLinear would experience "competitive disadvantage" because MaxLinear's competitors would have access to the information. *See e.g., News Corp. v. CB Neptune Holdings, LLC*, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (sealing information that would likely result in competitive harm). Further, the information therein

# KIRKLAND & ELLIS LLP

Honorable Alvin K. Hellerstein
March 20, 2026
Page 3

related to MaxLinear's confidential business information and network strategy, if disclosed, "may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (citation omitted). Accordingly, any public interest in gaining access to these materials is outweighed by the Parties' commercial interests and the commercial and competitive disadvantages that MaxLinear may suffer as a result of disclosure. The Court has previously permitted the sealing of documents similar in nature at the request of both Comcast and MaxLinear. (*See* ECF No. 56.)

For these reasons, MaxLinear respectfully requests that Exhibits C, F, and G be filed permanently under seal in their entirety, and that the redactions on page 4 of MaxLinear's Brief identified in this letter motion above also be permanently sealed.

***Second***, MaxLinear is provisionally filing under seal the following documents from Comcast, Broadcom, or CommScope to afford them an opportunity to apply for permanent sealing should they wish to do so.

- MaxLinear's Brief. Pages 3-6 of MaxLinear's Brief contain redactions of certain information related to documents that Comcast, Broadcom, or CommScope designated as highly confidential. MaxLinear is provisionally filing these references under seal to afford them an opportunity to apply for permanent sealing should they wish to do so.

- Exhibit B, an excerpt from the transcript of the deposition of Richard Prodan, which MaxLinear understands has been designated by Comcast as highly confidential, and which MaxLinear is provisionally filing under seal to afford Comcast an opportunity to apply for permanent sealing should it wish to do so;

- Exhibit D, an excerpt from the transcript of the deposition of Elad Nafshi, which MaxLinear understands has been designated by Comcast as highly confidential, and which MaxLinear is provisionally filing under seal to afford Comcast an opportunity to apply for permanent sealing should it wish to do so;

- Exhibit E, an excerpt from the transcript of the deposition of Robert Howard, which MaxLinear understands has been designated by Comcast as highly confidential, and which MaxLinear is provisionally filing under seal to afford Comcast an opportunity to apply for permanent sealing should it wish to do so;

- Exhibit H, a Comcast internal document produced with Bates number CMCST00784908, which MaxLinear understands has been designated by Comcast as highly confidential, and which MaxLinear is provisionally filing under seal to afford Comcast an opportunity to apply for permanent sealing should it wish to do so;

## KIRKLAND & ELLIS LLP

Honorable Alvin K. Hellerstein
March 20, 2026
Page 4

- Exhibit I, a Broadcom internal document produced with Bates number BCM0234689, which MaxLinear understands has been designated by Broadcom as highly confidential, and which MaxLinear is provisionally filing under seal to afford Broadcom an opportunity to apply for permanent sealing should it wish to do so;

- Exhibit J, an excerpt from the transcript of the deposition of Niki Pantelias, which MaxLinear understands has been designated by Broadcom as highly confidential, and which MaxLinear is provisionally filing under seal to afford Broadcom an opportunity to apply for permanent sealing should it wish to do so;

- Exhibit K, a CommScope document produced with Bates number CS00072879, which MaxLinear understands has been designated by CommScope as highly confidential, and which MaxLinear is provisionally filing under seal to afford CommScope an opportunity to apply for permanent sealing should it wish to do so;

- Exhibit L, a Comcast document produced with Bates number CMCST00031752, which MaxLinear understands has been designated by Comcast as highly confidential, and which MaxLinear is provisionally filing under seal to afford Comcast an opportunity to apply for permanent sealing should it wish to do so.

MaxLinear understands that Comcast contends that Exhibits B, D, E, H, and L contain Comcast's confidential information. MaxLinear is filing under seal Exhibits B, D, E, H, and L and redacting certain information related thereto on pages 3-6 of MaxLinear's Brief, to afford Comcast an opportunity to apply for permanent sealing should it wish to do so.

Similarly, MaxLinear understands that Broadcom contends that Exhibits I and J contain Broadcom's confidential information. MaxLinear is filing under seal Exhibits I and J, and redacting certain information related thereto on page 5 of MaxLinear's Brief, to afford Broadcom an opportunity to apply for permanent sealing should it wish to do so.

Further, similarly, MaxLinear understands that CommScope contends that Exhibit K contains CommScope's confidential information. MaxLinear is filing under seal Exhibit K, and redacting certain information related thereto on page 5 of MaxLinear's Brief, to afford CommScope an opportunity to apply for permanent sealing should it wish to do so.

*Finally*, as required by Rule 4(B)(i) of Your Honor's Individual Rules, MaxLinear is filing a redacted version of MaxLinear's Brief on the public docket and an unredacted version to Chambers, along with the above-referenced exhibits, under seal with redactions highlighted.

We are available to provide any additional information that would be helpful to the Court and thank the Court for its consideration of this request.

# KIRKLAND & ELLIS LLP

Honorable Alvin K. Hellerstein
March 20, 2026
Page 5

Respectfully submitted,

*/s/ Sharre Lotfollahi*

Sharre Lotfollahi

Cc:    All Counsel of Record (via ECF)