# KIRKLAND & ELLIS LLP

2049 Century Park East
Los Angeles, CA 90067
United States

Sharre Lotfollahi, P.C.
To Call Writer Directly:
+1 213 680 8673
sharre.lotfollahi@kirkland.com

+1 310 552 4200

www.kirkland.com

Facsimile:
+1 310 552 5900

March 11, 2026

**So ordered.**

**VIA CM/ECF**

**/s/ Alvin K. Hellerstein**
**U.S.D.J.**
**April 20, 2026**

Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, NY 10007

Re:    *Comcast Cable Communications Management, LLC, et al. v. MaxLinear, Inc.*, Case No. 1:23-cv-04436-AKH

Dear Judge Hellerstein:

We represent Defendant-Counterclaim Plaintiff MaxLinear, Inc. ("MaxLinear") in connection with the above-captioned action. We write regarding the March 6, 2026 letter motion filed by Plaintiffs-Counterclaim Defendants Comcast Cable Communications Management and Comcast Cable Communications, LLC (collectively, "Comcast"). *See* ECF 256. In that letter motion, Comcast requested permission to file Comcast's Brief Regarding the Law on Trade Secret Damages ("Comcast's Brief") and certain exhibits with temporary redactions of information that MaxLinear and Broadcom have designated confidential under the Protective Order entered by this Court. *Id.*; *see also* ECF 257 (Comcast's Brief).

MaxLinear now respectfully requests that the Court order that certain exhibits and certain information redacted in Comcast's Brief remain under permanent seal. Specifically, MaxLinear requests that the following exhibits remain sealed in their entirety:

- The document produced as MXL0000000675, attached as Exhibit 1 to Comcast's Brief.

- The document produced as MXL0000000644, attached as Exhibit 2 to Comcast's Brief.

- Excerpt from the deposition transcript of Steve Krapp, attached as Exhibit 3 to Comcast's Brief.

Austin  Bay Area  Beijing  Boston  Brussels  Chicago  Dallas  Frankfurt  Hong Kong  Houston  London  Miami  Munich  New York  Paris  Philadelphia  Riyadh  Salt Lake City  Shanghai  Washington, D.C.

# KIRKLAND & ELLIS LLP

Hon. Alvin K. Hellerstein
March 11, 2026
Page 2

- MaxLinear's Responses and Objections to Comcast's 2nd Set of Interrogatories, attached as Exhibit 6 to Comcast's Brief.

In addition, MaxLinear requests that the following redacted statements in Comcast's Brief remain sealed:

- The redacted statements in paragraph 2 of page 3 of Comcast's Brief.

Each of the statements or exhibits identified above relate to MaxLinear's confidential trade secret presentations and trade secret development.  Accordingly, permanent sealing of the documents and identified statements above disclosing the substance of MaxLinear's trade secrets is proper.

The right of public access to judicial documents is presumptive, "not absolute."  *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  "Courts in this Circuit regularly seal information that might disclose trade secrets or confidential business information." *Iacovacci v. Brevet Holdings, LLC*, 2022 WL 101907, at *2 (S.D.N.Y. Jan. 11, 2022); *see also Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, … and the like satisfy the sealing standard." (quotations omitted)); *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999) ("Documents falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.").  In such cases, "safeguarding trade secrets can overcome the presumption of [public] access [to court documents]." *Hesse v. Sungard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013); *see also Richards v. Kallish*, 2023 WL 6276684, at *3 (S.D.N.Y. Sept. 26, 2023) ("The protection of trade secrets is value that may be sufficient to defeat the First Amendment presumption of public access.").  That is why courts have ordered the sealing of documents that "facially contain trade secrets" even over another party's objection.  *Id*.

Here, MaxLinear seeks to maintain under seal technical disclosures and descriptions that it has identified as its asserted trade secrets, along with deposition testimony, briefing, and discovery responses describing the content of those trade secrets.  Specifically, MaxLinear seeks to seal the following:

- ***First***, MaxLinear seeks to protect from disclosure documents produced as MXL0000000675 and MXL0000000644 (attached to Comcast's Brief as Exhibits 1 and 2).  These are confidential presentations from July 2019 and December 2020, respectively, that MaxLinear delivered to Comcast regarding MaxLinear's proprietary FDX amplifier technology—the very technology MaxLinear asserts as its trade secrets in this case.  These presentations

# KIRKLAND & ELLIS LLP

Hon. Alvin K. Hellerstein
March 11, 2026
Page 3

contain detailed diagrams of MaxLinear's FDX technology, descriptions of that technology, and related performance testing data.

- *Second,* MaxLinear seeks to protect excerpts of the deposition transcript of Steve Krapp, MaxLinear's Senior Director of Business Development (attached to Comcast's Brief as Exhibit 3).  The excerpts at issue consist of Krapp discussing the substance of MaxLinear's confidential July 2019 and December 2020 presentations and the trade secrets contained therein.

- *Third*, MaxLinear seeks to seal its Responses and Objections to Comcast's Second Set of Interrogatories (attached to Comcast's Brief as Exhibit 6).  This document contains MaxLinear's responses to Interrogatories asking MaxLinear to identify and describe in detail its trade secrets at issue in this litigation, thereby disclosing specific details regarding MaxLinear's trade secrets.

- *Finally*, MaxLinear seeks to seal portions of Comcast's Brief that quote or reference the content therein of MXL0000000675, MXL0000000644, or portions of Krapp's deposition testimony.  As explained in detail above, these documents are all confidential and contain information or reference to MaxLinear's proprietary trade secrets at the heart of this case.

For these reasons, MaxLinear respectfully requests that Exhibits 1-3 and Exhibit 6 remain permanently sealed in their entirety, and that the redactions in Comcast's Brief identified in this letter motion also remain permanently sealed.[1]

Respectfully submitted,

*/s/ Sharre Lotfollahi*
Sharre Lotfollahi

Cc:    All Counsel of Record (via ECF)

---

[1] MaxLinear does not seek permanent sealing of the following temporary redactions in Comcast's Brief: the redacted statement in paragraph 3 on page 3; the redacted bullet points on page 7; and the redacted statement on page 10.