

2020 K Street NW
Suite 400
Washington, D.C. 20006
Tel: 202-372-6300
Fax: 202-372-9599
www.quarles.com

Attorneys at Law in
Chicago
Denver
Indianapolis
Madison
Milwaukee
Minneapolis
Naples
Phoenix
San Diego
St. Louis
Tampa
Tucson
Washington, D.C.

March 11, 2026

**So ordered.**

**/s/ Alvin K. Hellerstein**
**U.S.D.J.**
**April 20, 2026**

**VIA ECF**

The Honorable Alvin K. Hellerstein
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:**    ***Comcast Cable Communications Management, LLC, et al. v. MaxLinear, Inc.*,**
**No. 23-cv-04436-AKH**

Dear Judge Hellerstein:

This firm represents subpoenaed nonparty Broadcom Corporation ("Broadcom") in the above-referenced matter.  I write pursuant to the Amended Stipulated Protective Order (ECF No. 118) and this Court's Individual Rules to respectfully request that certain exhibits to the Brief Regarding the Law on Trade Secret Damages and the related Declaration filed on March 9, 2026 (ECF Nos. 259 and 260) (the "Brief") remain permanently sealed.

Comcast Exhibit 4 to the Brief consists of a Highly Confidential document containing Broadcom's protected information regarding internal design and business processes.  The document contains detailed technical designs and diagrams of the BCM3162 PDX RPD Transceiver PHY, as well as Broadcom's related product development roadmap.

Comcast Exhibit 5 consists of excerpts from the deposition transcript of Broadcom employee Niki Pantelias, who testified as a corporate representative on behalf of Broadcom in response to the parties' subpoenas.  Ms. Pantelias's testimony set forth in Exhibit 5 also contains confidential information concerning Broadcom's internal design and business processes.

A party may file documents under seal where "closure is essential to preserve higher values and is narrowly tailored to service that interest."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citation omitted).  "The interest in protecting 'business information that might harm a litigant's competitive standing' has, at a minimum, been

The Honorable Alvin K. Hellerstein
Page 2

recognized by the Supreme Court as potentially sufficient to defeat the common law presumption" of access. *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. 07-CV-2014 (SWK), 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Here, Broadcom seeks to maintain the confidentiality of testimony and information reflecting its sensitive internal business and design practices regarding its products. In particular, Ms. Pantelias's testimony reflects aspects of the decision-making process during the design of the Broadcom products at issue in this case, as well as certain technical innovations and development milestones that are internal and confidential to Broadcom. Broadcom would suffer competitive harm if this information were made public, as it would provide visibility to Broadcom's competitors regarding how Broadcom designs its products. Thus, maintaining the documents under seal is warranted.

Further, the document and testimony at issue are solely directed to these confidential topics. While Broadcom is requesting that the documents be sealed in their entirety, Broadcom's requested closure is still narrowly tailored given the nature of the exhibits.

For the foregoing reasons, Broadcom respectfully requests that the Court maintain the unredacted versions of Exhibits 4 and 5 under seal permanently.

Respectfully submitted,

*/s/ Lauren Bolcar*

Lauren Bolcar

cc: All Counsel of Record (via ECF)