UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

COMCAST CABLE COMMUNICATIONS :    **OPINION AND ORDER**
MANAGEMENT, LLC, COMCAST CABLE :    **STATING LAW FOR TRADE**
COMMUNICATIONS, LLC, :    **SECRET DAMAGES**
        :
     Plaintiffs-Counterclaim Defendants, :    23 Civ. 4436 (AKH)
        :
        -against- :
        :
MAXLINEAR, INC., :
        :
     Defendant-Counterclaim Plaintiff. :

---------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

On January 6, 2026, I asked the parties to brief the law underlying trade secret damages so that I may set the scope of damages to be considered at trial. Comcast Cable Communications Management, LLC and Comcast Cable Communications, LLC (collectively "Comcast") and MaxLinear, Inc. ("MaxLinear") each submitted briefs stating their positions. Comcast's brief is primarily devoted to contesting matters to be determined at trial, as to the existence of trade secrets and their alleged liability. I make no findings or conclusions as to whether Comcast misappropriated any trade secret, whether MaxLinear has properly claimed a trade secret, or what damages MaxLinear may have. The purpose of this briefing is not to litigate the application of the law to these facts; rather, it is to provide a clear framework to be applied to the facts. Therefore, I set out the legal framework to be applied for damages as follows.

Trade secret damages are governed by the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, and New York common law. Assessment of trade secret damages under state and federal law differ, such that MaxLinear shall present separate cases for damages for each count, subject to limitations on double recovery. *Town & Country Linen Corp. v. Ingenious Designs LLC*, No. 18-CV-5075 (LJL), 2022 WL 2757643, at *13 (S.D.N.Y. July 14, 2022) ("while the *requirements* for

showing such misappropriation are similar under federal and state law, the *damages* available once such misappropriation has been shown are not the same").

Under federal law, if misappropriation is found, a plaintiff can recover the actual loss caused by the misappropriation, and the unjust enrichment of the misappropriating party that is not captured by actual loss, or, alternatively, a reasonable royalty. 18 U.S.C. § 1836(b)(3)(B)(i)-(ii). The DTSA "permits a plaintiff to recover both its actual losses and a misappropriator's unjust benefit caused by misappropriation, so long as there is no double counting." *Syntel Sterling Best Shores Mauritius Ltd. v. The TriZetto Grp., Inc.*, 68 F.4th 792, 809 (2d Cir. 2023). Under the DTSA, MaxLinear may alternatively seek reasonable royalty damages in lieu of actual damages. 18 U.S.C. § 1836(b)(3)(B)(ii). Actual damages include lost profits, price erosion, and loss of invested development costs of the trade secrets. *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, No. 15 Civ. 211, 2025 WL 1565327, at *2-3 (S.D.N.Y. June 3, 2025); *E.J. Brooks Co. v. Cambridge Security Seals*, 858 F.3d 744, 748 (2d Cir. 2017).

New York common law allows a plaintiff to recover compensatory damages for trade secret misappropriation. Damages must stem from the harm done to the plaintiff rather than defendant's gain. *See E.J. Brooks Co. v. Cambridge Sec. Seals*, 31 N.Y.3d 441, 450-54 (2018) ("Damages, therefore, must be measured by the loss of the *plaintiff's* commercial advantage, which may not correspond to what the defendant has wrongfully gained"). Therefore, under New York law MaxLinear must show damages based on its losses, not any ill-gotten gains by Comcast. Further, under New York law, MaxLinear may seek reasonable royalty damages only if actual damages are overly speculative. *E.J. Brooks Co. v. Cambridge Security Seals*, 858 F.3d 744, 748 (2d Cir. 2017).

Under both frameworks, MaxLinear's actual damages may include lost profits caused by the misappropriation. *See Calltrol Corp. v. Loxysoft AB*, No. 18 CV 9026, 2023 WL 2529844, at

2

*6 (S.D.N.Y. Mar. 15, 2023); *Smart Team Glob. LLC v. HumbleTech LLC*, No. 19-CV-4873, 2022 WL 847301, at *8 (S.D.N.Y. Feb. 18, 2022), R&R adopted, 2022 WL 846927 (S.D.N.Y. Mar. 22, 2022). It may also include actual loss to MaxLinear's development costs, if it can show it lost the benefit of its trade secrets. *E.J. Brooks*, 31 N.Y.3d at 454.

MaxLinear further asserts that it will seek punitive and exemplary damages, which are available when the conduct is "gross and wanton" for punitive damages under state law and "willful and malicious" for exemplary damages under the DTSA. *Topps Co. v. Cadbury Stani S.A.I.C.*, 380 F. Supp. 2d 250, 267 (S.D.N.Y. 2005); 18 U.S.C. § 1836(b)(3)(C). While punitive and exemplary damages require meeting a high bar, I make no findings as to their appropriateness at this time and do not preclude MaxLinear from asserting them.

## CONCLUSION

Therefore, damages law shall be applied in accordance with settled New York and DTSA law as set out above, such that MaxLinear may seek to prove actual damages, including lost profits, unjust enrichment, alternative reasonable royalty damages, punitive, and exemplary damages.

SO ORDERED.

Dated:     May 28, 2026
           New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3