UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

COMCAST CABLE COMMUNICATIONS    :
MANAGEMENT, LLC, COMCAST CABLE   :
COMMUNICATIONS, LLC,         :

       :

   Plaintiffs-Counterclaim Defendants,   :

       :

    -against-         :

       :

MAXLINEAR, INC.,          :

       :

   Defendant-Counterclaim Plaintiff.   :

------------------------------------------------------------- X

**ORDER ON DISCOVERY
DISPUTE**

23 Civ. 4436 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

    MaxLinear, Inc. ("MaxLinear") moves to reopen fact discovery. Fact discovery in this case closed on September 18, 2025. On January 26, 2026, Comcast Cable Communications Management, LLC and Comcast Cable Communications, LLC ("Comcast") entered a settlement agreement with Entropic settling the California lawsuits at issue in this litigation. On March 20, 2026, Comcast produced additional documents to MaxLinear and supplemented its damages interrogatory to include its demand from $20 million to nearly $60 million, seeking recovery for part of the settlement it paid and additional attorney's fees. In response, MaxLinear served supplemental requests for production and other discovery requests in April 2026. Comcast objected to the requests, arguing that fact discovery has closed and the documents requested will largely be privileged.

    In determining whether good cause exists to reopen discovery, courts consider: "(1) the imminence of trial; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that the discovery

will lead to relevant evidence." *Weihai Lianqiao Int'l Coop Grp. Co. v. A Base IX Co. LLC*, No. 21 CIV. 10753 (DEH), 2024 WL 3498850, at *1 (S.D.N.Y. July 22, 2024) (citation omitted).

Here, the factors weigh in favor of reopening discovery. First, trial is not imminent, as a trial date has not been set. Second, while Comcast opposes the request, any prejudice will be minor, as the requests are limited to new information following the Entropic settlement and increased damages demand. Third, MaxLinear was diligent in obtaining discovery, as it otherwise completed discovery as prescribed by the schedule and served its supplemental requests soon after Comcast increased its damages demand. Fourth, the need for these requests was not foreseeable. MaxLinear seeks additional discovery after the close of fact discovery because of Comcast's settlement with Entropic and increased damages demand. Such changed circumstances were not foreseeable by MaxLinear at the time discovery closed. Finally, while Comcast may be correct that the requests may touch privileged material, the requests are likely to lead to relevant evidence. The information is relevant to MaxLinear's ability to defend against Comcast's indemnification claim and the damages amount.

Therefore, MaxLinear's motion is granted, fact discovery is reopened for the limited purpose of discovery related to the settlement, and Comcast shall cooperate in responding to the requests.

SO ORDERED.

Dated:      June 24, 2026
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

2