**Davis Polk**

Dana M. Seshens
+1 212 450 4855
dana.seshens@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

October 9, 2026

Re: *Comcast Cable Communications Management, LLC, et al. v. MaxLinear, Inc.*, No. 23-cv-04436-AKH

The Honorable Alvin K. Hellerstein
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

So ordered
10-13-26

Dear Judge Hellerstein:

We represent Plaintiffs Comcast Cable Communications Management, LLC and Comcast Cable Communications, LLC (collectively, "Plaintiffs" or "Comcast") in the above-referenced action. We write pursuant to Rule 4(B)(i) of Your Honor's Individual Rules and the parties' Amended Stipulated Protective Order (ECF No. 118) (the "Protective Order") to respectfully request permission to file under seal: (i) unredacted versions of Comcast's Memorandum of Law in Opposition to MaxLinear, Inc.'s Motion for Summary Judgment and Comcast's Counter-Statement of Facts in Response to MaxLinear's Rule 56.1 Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment (together, the "Comcast MSJ Opposition Materials"); and (ii) certain exhibits to the Declaration of Craig J. Bergman, filed in support of Comcast's Opposition, as set forth in Appendix A.[1]

A party may file documents under seal where "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).[2] Among those higher values, good cause exists to protect from public disclosure confidential business or commercial information. *See, e.g., Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) ("The interest in protecting business information that might harm a litigant's competitive standing has, at a minimum, been recognized by the Supreme Court as potentially sufficient to defeat the common law presumption of access."), *aff'd sub nom Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009).

Here, Comcast seeks to permanently seal Exhibits 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 37, 47, 48, and 49, which reflect (a) commercially sensitive Comcast and Entropic information concerning intellectual property licensing and resolution of the California Lawsuits and (b) confidential business information about Comcast's relationships and negotiations with third-party vendors.[3] Comcast also seeks to redact related information in the Comcast MSJ Opposition Materials. If the information that is the subject of Comcast's sealing request were disclosed publicly, Comcast would experience "competitive disadvantage" because Comcast's competitors would have access to the information. *See e.g., Standard*

[1] Pursuant to Rule 4(B)(i) of Your Honor's Individual Rules, Comcast is filing redacted versions of the Comcast MSJ Opposition Materials on the public docket and is filing under seal and will promptly have delivered to Chambers unredacted versions of the Comcast MSJ Opposition Materials and the exhibits Comcast seeks to have permanently sealed.

[2] Unless otherwise noted, all citations omit internal citations, quotation marks, or alterations.

[3] Capitalized terms not defined herein shall have the meaning ascribed to them in Comcast's Memorandum of Law in Opposition to MaxLinear, Inc.'s Motion for Summary Judgment.

*Inv. Chartered*, 347 F. App'x at 617 (affirming district court's decision to protect from disclosure information that could cause "significant competitive disadvantage" to the defendant, including by allowing a competitor to "deduce [the defendant]'s negotiation tactics"); *News Corp. v. CB Neptune Holdings, LLC*, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (sealing information the disclosure of which would cause "competitive disadvantages" that would outweigh "the general public interest in disclosure").

Among other things, publicizing the details of the Settlement Agreement could harm Comcast and Entropic in other intellectual property and business matters, including by disclosing the amount paid to resolve certain claims and other bespoke settlement provisions that third parties could use in similar negotiations with either Comcast or non-party Entropic. *See, e.g.*, *Adler v. Solar Power, Inc.*, 2019 WL 13214943, at *2 (S.D.N.Y. Aug. 22, 2019) (granting motion to seal, *inter alia*, "confidential agreements and settlement agreements with third parties" because such agreements "detail[ed] information" regarding transactions with third parties, and "privacy interests," particularly of third parties, "weigh heavily" in favor of sealing); *Richmond v. Montefiore Med. Ctr.*, 2023 WL 6211978, at *8 (S.D.N.Y. Sept. 25, 2023) (same). Comcast and Entropic both recognized the importance of maintaining the confidentiality of the terms of the Settlement Agreement and included a confidentiality provision therein to that end. Accordingly, any public interest in gaining access to the Settlement Agreement's terms is outweighed by the commercial and competitive disadvantages that Comcast and third-party Entropic may suffer as a result of disclosure.

Further, publicizing the details of Comcast's vendor relationships and Comcast's negotiations with those vendors could put Comcast and/or its vendors at a disadvantage in future negotiations if third-party competitors had access to them. *See Standard Inv. Chartered*, 347 F. App'x at 617. The information therein related to Comcast's confidential business information, if disclosed, "may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). Accordingly, any public interest in gaining access to these materials is outweighed by the parties' commercial interests and the commercial and competitive disadvantages that Comcast may suffer as a result of disclosure. The Court has previously permitted the sealing of documents similar in nature at the request of both Comcast and MaxLinear. (*See, e.g.*, ECF Nos. 233, 250, 263, 271, 311.)

Additionally, Comcast understands that MaxLinear contends that Exhibits 1, 2, 3, 4, 5, 6, 26, 28, 36, and 38 contain confidential information. Comcast takes no position on whether MaxLinear's produced documents reflect any confidential information, but nevertheless seeks to seal those exhibits provisionally and to redact information in the Comcast MSJ Opposition Materials based on those or other materials that MaxLinear has designated as confidential or highly confidential pursuant to the parties' Protective Order. MaxLinear has previously sought the sealing of this and similar information as competitively sensitive (*see* ECF Nos. 226, 232, 310), and the Court has granted those requests (*see* ECF Nos. 229, 233, 311).

Comcast is also seeking to provisionally seal Exhibits 12, 27, 44, and 45, which third-party Entropic either has designated as confidential or highly confidential pursuant to the Protective Order in this Action or served in the California Lawsuits but never filed publicly, and to redact related information in the Comcast MSJ Opposition Materials. Comcast takes no position on the confidentiality of this material but nevertheless seeks to temporarily seal these documents and redact related information to afford Entropic an opportunity to apply for permanent sealing should it wish to do so.

* * *

As required by Rule 4(B)(i) of the Court's Individual Rules and the e-mail guidance from Your Honor's Chambers on September 14, 2026, Comcast is filing redacted versions of the Comcast MSJ Opposition

Davis Polk

Materials on the public docket and is filing under seal and will promptly have delivered to Chambers unredacted copies of the Comcast MSJ Opposition Materials and copies of the exhibits Comcast seeks to have permanently sealed in their entirety.

We are available to provide any additional information that would be helpful to the Court and thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Dana M. Seshens*

Dana M. Seshens

cc: All Counsel of Record (via ECF)

**Enclosure**

Davis Polk

## Appendix A

| Ex. No. | Description |
|---|---|
| 1 | Spreadsheet titled "MXL Revenues," which was produced natively bearing Bates number MXL0000199748 |
| 2 | Excerpts from the transcript of the September 12, 2025 deposition of Steven Litchfield |
| 3 | Vendor Support Agreement between Comcast Cable Communications Management, LLC and MaxLinear, Inc., dated November 10, 2020 and effective as of August 1, 2020, bearing beginning Bates number MXL0000013689 |
| 4 | August 25, 2020 email thread with subject line "Re: Intel SLA," bearing Bates number MXL0000005201, and, as an attachment thereto, a draft Vendor Support Agreement between Comcast and MaxLinear, bearing beginning Bates number MXL0000005202 |
| 5 | October 12, 2020 email with subject line "Comcast Consulting Agreement (1219 VERSION)_20201009_(Comcast 10.12)" bearing Bates number MXL0000005697, and, as attachments thereto, a draft Vendor Support Agreement between Comcast and MaxLinear, bearing beginning Bates number MXL0000005698, and an October 9, 2020 email thread with subject line "Re: Indemnification coverages," bearing beginning Bates number MXL0000005752 |
| 6 | Excerpts from the transcript of the September 12, 2025 deposition of Kishore Seendripu |
| 12 | Plaintiff Entropic Communications, LLC's Initial Disclosures Pursuant to Fed. R. Civ. P. Rule 26(a)(1) served in *Entropic Communications, LLC, v. Comcast Corp.*, No. 2:23-cv-1048 on July 14, 2023 |
| 13 | October 26, 2023 email thread with subject line "CommScope Indemnity in Entropic v. Comcast," bearing Bates number CMCST00796303, and, as an attachment thereto, a letter entitled "*Entropic Communications, LLC v. Comcast Corporation et al*, Case No. 2:23-cv-1048 (C.D. Cal.) & *Entropic Communications, LLC v. Comcast Corporation et al*, Case No. 2:23-cv-1050 (C.D. Cal.)," bearing Bates number CMCST00796304 |
| 14 | January 5, 2024 email thread with subject line "RE: Follow up discussion re MOCA/Entropic/Comcast case," bearing Bates number CMCST00796497, and, as an attachment thereto, a document entitled "*Entropic Communications, LLC v. Comcast Corporation et al*, Case No. 2:23-cv-1048 (C.D. Cal.) & *Entropic Communications, LLC v. Comcast Corporation et al*, Case No. 2:23-cv-1050 (C.D. Cal.)," bearing Bates number CMCST00796501 |
| 15 | January 19, 2024 letter titled "Entropic Legal Defense Costs," bearing beginning Bates number CMCST00796869 |
| 16 | January 22, 2024 letter titled "Entropic Legal Defense Costs," bearing Bates number CMCST00796871 |
| 17 | February 26, 2024 email thread with subject line "Ltr re Entropic," bearing Bates number CMCST00796486, and, as an attachment thereto, a letter entitled "Entropic Legal Defense Costs," bearing beginning Bates number CMCST00796487 |

**Davis Polk**

| Ex. No. | Description |
|---|---|
| 18 | July 16, 2024 email thread with subject line "[EXTERNAL] Comcast/Entropic – Vantiva legal fee contribution," bearing Bates number CMCST00796063, and, as an attachment thereto, an untitled letter, bearing Bates number CMCST00796064 |
| 19 | Master Product and Services Supply Agreement between Technicolor Connected Home USA LLC and Comcast Cable Communications Management, LLC, dated January 1, 2017 and bearing beginning Bates number CMCST00796878 |
| 20 | Master Product Supply Agreement between Arris Solutions, Inc. and Comcast Cable Communications Management, LLC, dated April 1, 2016 and bearing beginning Bates numbers CMCST00797049 and CMCST00797012 |
| 21 | TyMetrix Report, which was produced natively bearing Bates number CMCST00787424 |
| 22 | TyMetrix Report, which was produced natively bearing Bates number CMCST00787425 |
| 23 | TyMetrix Report, which was produced natively bearing Bates number CMCST00787513 |
| 24 | TyMetrix Report, which was produced natively bearing Bates number CMCST00787514 |
| 25 | TyMetrix Report, which was produced natively bearing Bates number CMCST00787515 |
| 26 | Excerpts from the transcript of the September 16, 2025 deposition of Michelle Sayer |
| 27 | Excerpts from the transcript of the September 18, 2025 deposition of Boris Teksler |
| 28 | August 25, 2021 email thread with subject line "RE: Patent Purchase Agreement by and between MaxLinear, Inc. and MaxLinear Communications LLC, and Entropic Communications, LLC," bearing beginning Bates number MXL0000014641, and, as an attachment thereto, a letter entitled "Patent Purchase Agreement by and between MaxLinear, Inc. and MaxLinear Communications LLC, and Entropic Communications, LLC," bearing beginning Bates number MXL0000014643 |
| 36 | April 20, 2023 email thread with subject line "Re: Entropic: ComCast Vendor Support Agreement," bearing beginning Bates number MXL0000193862 |
| 37 | April 28, 2023 meeting invitation with subject line "Catch-up (Peter/Kishore)," bearing Bates number CMCST00001427 |
| 38 | May 24, 2023 email thread with subject line "Please find letter attached," bearing Bates number MXL0000031699, and, as an attachment thereto, a letter entitled "Vendor Support Agreement and related Statement of Work #1," bearing Bates number MXL0000031700 |
| 44 | January 12, 2024 letter titled "Patent Purchase Agreement by and between MaxLinear, Inc. and MaxLinear Communications LLC, and Entropic Communications, LLC," bearing beginning Bates number ENTSDNY_00002080 |
| 45 | Tolling agreement between MaxLinear, Inc. and MaxLinear Communications LLC and Entropic Communications, LLC, dated March 1, 2024 and bearing Bates number ENTSDNY_00002084 |
| 47 | Excerpts from the transcript of the November 20, 2025 deposition of Nancy No |
| 48 | May 24, 2023 email thread with subject line "[EXTERNAL] Re: Contribution to Comcast's Defense in Entropic Matters," bearing beginning Bates number CMCST00796305, and, as an attachment thereto, an untitled letter, bearing Bates number CMCST00796307 |

**Davis Polk**

| Ex. No. | Description |
|---|---|
| 49 | Excerpts from the transcript of the August 25, 2026 deposition of David Marcus |