# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

Sharre Lotfollahi, P.C.
To Call Writer Directly: +1 213 680 8673
sharre.lotfollahi@kirkland.com

2049 Century Park East
Los Angeles, CA 90067
United States

+1 310 552 4200

www.kirkland.com

Facsimile: +1 310 552 5900

October 14, 2026

So ordered
10-15-26
Alvin K. Hellerstein

**VIA CM/ECF**

Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, NY 10007

Re: *Comcast Cable Communications Management, LLC, et al. v. MaxLinear, Inc.*, Case No. 1:23-cv-04436-AKH

Dear Judge Hellerstein:

We represent Defendant-Counterclaim Plaintiff MaxLinear, Inc. ("MaxLinear") in connection with the above-captioned action. We write pursuant to Rule 4(B)(i) of Your Honor's Individual Rules and the parties' Amended Stipulated Protective Order (ECF No. 118) to respectfully request that the Court order certain exhibits and related information attached to and/or reflected in the following Comcast filings remain permanently under seal: Comcast's Memorandum of Law in Opposition to MaxLinear's Motion for Summary Judgment (ECF No. 319) ("Comcast's MSJ Opposition") and Comcast's Counter-Statement of Facts in Response to MaxLinear, Inc.'s Rule 56.1 Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment ("Comcast's Rule 56.1 Counter-Statement") (ECF No. 320).

Specifically, MaxLinear requests that the following exhibits to Comcast's MSJ Opposition and Comcast's Rule 56.1 Counter-Statement remain sealed:

- Exhibit 1, a MaxLinear internal document bearing Bates number MXL0000199748;
- Exhibit 2, excerpts from the deposition transcript of Steven Litchfield;
- Exhibit 3, a MaxLinear internal document bearing Bates numbers MXL0000013689-742;

- Exhibit 4, a MaxLinear internal document bearing Bates numbers MXL0000005201-202_0046;
- Exhibit 5, a MaxLinear internal document bearing Bates numbers MXL0000005697-753;
- Exhibit 6, excerpts from the deposition transcript of Kishore Seendripu;
- Exhibit 26, excerpts from the deposition transcript of Michelle Sayer;
- Exhibit 27, excerpts from the deposition transcript of Boris Teksler;
- Exhibit 28, a MaxLinear internal document bearing Bates numbers MXL0000014641-644;
- Exhibit 36, a MaxLinear internal document bearing Bates numbers MXL0000193862-863;
- Exhibit 37, a Comcast internal document bearing Bates number CMCST00001427;
- Exhibit 38, a MaxLinear internal document bearing Bates numbers MXL0000031699-700;
- Exhibit 44, an Entropic internal document bearing Bates numbers ENTSDNY_00002080-082;
- Exhibit 45, an Entropic internal document bearing Bates numbers ENTSDNY_00002084-089.

Further, MaxLinear conferred with Comcast and understand that Comcast will file an updated version of its MSJ Opposition and Rule 56.1 Counter-Statement which includes updated redactions of information that MaxLinear has requested to seal.

The right of public access to judicial documents is presumptive, "not absolute." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589,

598 (1978)). "Courts in this Circuit regularly seal information that might disclose trade secrets or confidential business information." *Iacovacci v. Brevet Holdings, LLC*, 2022 WL 101907, at *2 (S.D.N.Y. Jan. 11, 2022); *see also Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, … and the like satisfy the sealing standard." (quotations omitted)); *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999) ("Documents falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.").

Here, MaxLinear seeks to permanently seal Comcast's Exhibits 1, 2, 3, 4, 5, 6, 26, 27, 28, 36, 37, 38, 44, and 45, which reflect (a) MaxLinear's confidential business information concerning its revenues, relationship with its customers, and negotiations and correspondence with its customers; (b) MaxLinear's sensitive commercial information regarding its views about its competitors and its competitive position in the industry; (c) sensitive commercial information regarding MaxLinear's patents, and how MaxLinear views and values its patent portfolio; and (d) details regarding settlement agreements.

If the information that is the subject of MaxLinear's sealing request were disclosed publicly, MaxLinear would experience "competitive disadvantage" because MaxLinear's competitors would have access to the information. *See, e.g., News Corp. v. CB Neptune Holdings, LLC*, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (sealing information that would likely result in competitive harm); *see also Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (granting motion to seal exhibits containing "trade secrets" and "confidential research and development information" because such information "is sensitive and potentially damaging if shared with competitors"). Further, the information therein related to MaxLinear's confidential business information, if disclosed, "may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (citation omitted). Accordingly, any public interest in gaining access to these materials is outweighed by the parties' commercial interests and the commercial and competitive disadvantages that MaxLinear may suffer as a result of disclosure.

The Court has previously permitted the sealing of documents similar in nature at the request of both Comcast and MaxLinear. *See, e.g.*, ECF Nos. 169, 201, 213, 229, 233, 271, 272, 283, 311.

For these reasons, MaxLinear respectfully requests that Exhibits 1, 2, 3, 4, 5, 6, 26, 27, 28, 36, 37, 38, 44, and 45 be filed permanently under seal in their entirety, and that the redacted portions of Comcast's MSJ Opposition and Comcast's Rule 56.1 Counter-Statement identified above remain sealed.

We are available to provide any additional information that would be helpful to the Court and thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Sharre Lotfollahi*

Sharre Lotfollahi

Cc: All Counsel of Record (via ECF)