KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Sharre Lotfollahi, P.C.
To Call Writer Directly:
+1 213 680 8673
sharre.lotfollahi@kirkland.com

2049 Century Park East
Los Angeles, CA 90067
United States

+1 310 552 4200

www.kirkland.com

Facsimile:
+1 310 552 5900

October 9, 2026

So ordered
10-15-26
A. K. Hellerstein

**VIA CM/ECF**

Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, NY 10007

Re: *Comcast Cable Communications Management, LLC, et al. v. MaxLinear, Inc.*, Case No. 1:23-cv-04436-AKH

Dear Judge Hellerstein:

We represent Defendant-Counterclaim Plaintiff MaxLinear, Inc. ("MaxLinear") in connection with the above-captioned action. We write pursuant to Rule 4(B)(i) of Your Honor's Individual Rules and the parties' Amended Stipulated Protective Order (ECF No. 118) to respectfully request permission (i) to file MaxLinear's Opposition to Comcast's Motion to Strike MaxLinear's Demand for a Jury Trial on MaxLinear's Counterclaims ("MaxLinear's Opposition") in redacted form and to file an unredacted version of the same under seal, (ii) to permanently file under seal certain exhibits containing MaxLinear's confidential information, and (iii) to provisionally file under seal certain exhibits with information Comcast has designated as "Confidential" or "Highly Confidential- Attorneys' Eyes Only" pursuant to the Protective Order in the matter (Dkt. 118) to afford it an opportunity to apply for permanent sealing should they wish to do so.

***First***, MaxLinear respectfully requests that the Court order that certain information in MaxLinear's Opposition and certain MaxLinear exhibits filed in connection with MaxLinear's Opposition be filed under permanent seal.

The right of public access to judicial documents is presumptive, "not absolute." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "Courts in this Circuit regularly seal information that might disclose trade secrets or confidential business information." *Iacovacci v. Brevet Holdings, LLC*, 2022 WL 101907, at *2

(S.D.N.Y. Jan. 11, 2022); *see also Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, ... and the like satisfy the sealing standard." (quotations omitted)); *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999) ("Documents falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.").

Here, MaxLinear seeks to file under seal portions of its Opposition and Exhibits A and B, which reflect (a) MaxLinear's confidential business information concerning its relationship with its customers, its agreements with its customers, and its negotiations with its customers; and (b) MaxLinear's confidential trade secret presentations and trade secret development.

If the information that is the subject of MaxLinear's sealing request were disclosed publicly, MaxLinear would experience "competitive disadvantage" because MaxLinear's competitors would have access to the information. *See e.g., News Corp. v. CB Neptune Holdings, LLC*, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (sealing information that would likely result in competitive harm). Further, the information therein related to MaxLinear's confidential business information, if disclosed, "may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (citation omitted). Accordingly, any public interest in gaining access to these materials is outweighed by the Parties' commercial interests and the commercial and competitive disadvantages that MaxLinear may suffer as a result of disclosure. The Court has previously permitted the sealing of documents similar in nature at the request of both Comcast and MaxLinear. (*See* ECF No. 310.)

For these reasons, MaxLinear respectfully requests that Exhibits A and B be filed permanently under seal in their entirety, and that the portions of its Opposition highlighted in yellow also be permanently sealed.

***Second***, MaxLinear is provisionally filing under seal Exhibits A and B, as well as portions of its Opposition highlighted blue, which include information that Comcast has designated as "Confidential" or "Highly Confidential" pursuant to the Protective Order (Dkt. 118) in this matter to afford Comcast an opportunity to apply for permanent sealing should it wish to do so. As explained above the Opposition and Exhibits A and B also contain MaxLinear confidential information.

***Finally***, as required by Rule 4(B)(i) of Your Honor's Individual Rules, MaxLinear is filing a redacted version of MaxLinear's Opposition on the public docket and providing an unredacted version to Chambers, along with the above-referenced exhibits.

We are available to provide any additional information that would be helpful to the Court and thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Sharre Lotfollahi*

Sharre Lotfollahi

Cc: All Counsel of Record (via ECF)