**BAKER BOTTS** L.L.P.

30 ROCKEFELLER PLAZA
NEW YORK, NEW YORK
10112-4498

TEL +1 212.408.2500
FAX +1 212.408.2501
bakerbotts.com

AUSTIN
BRUSSELS
DALLAS
DUBAI
HOUSTON
LONDON

NEW YORK
PALO ALTO
RIYADH
SAN FRANCISCO
SINGAPORE
WASHINGTON

October 15, 2026

Eric DuPont
TEL +1 212 408 2553
eric.dupont@bakerbotts.com

**VIA CM/ECF**

So ordered
10-15-26
Alvin K. Hellerstein

The Honorable Alvin K. Hellerstein
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Comcast Cable Communications Management, LLC, et al. v. MaxLinear, Inc.*, Case No. 1:23-cv-04436-AKH

Dear Judge Hellerstein:

We represent non-party CommScope Holding Company, Inc. ("CommScope") in connection with the above-captioned action. We write pursuant to Rule 4(B)(i) of Your Honor's Individual Rules and the parties' Amended Stipulated Protective Order (ECF No. 118) to respectfully request that the Court order certain exhibits and related information reflected in MaxLinear's SOUF (ECF No. 350) be permanently sealed.

MaxLinear, Inc. ("MaxLinear") served CommScope with MaxLinear's Statement of Undisputed Facts ("SOUF") and certain exhibits in opposition to Comcast's Motion for Summary Judgment (ECF No. 350) on 11:20 p.m. CDT on Monday, October 12, 2026 (12:20 a.m. EDT on Tuesday, October 13, 2026) and notified CommScope that it had three days to file a letter explaining the need to seal protected material consistent with the Amended Stipulated Protective Order (ECF No. 118). Thus, this letter is filed under the Protective Order's three-day requirement.

Specifically, CommScope requests that the following exhibits be permanently sealed:

- Exhibit FF, a CommScope internal document bearing Bates number CS00127825
- Exhibit PP, a CommScope internal document bearing Bates number CS00069321
- Exhibit VV, a CommScope internal document bearing Bates number CS00076921

In addition, CommScope requests that the redacted statements on the following pages of MaxLinear's SOUF be permanently sealed:

- The redacted statements concerning Exhibit FF on page 39, paragraph 161 of MaxLinear's SOUF

- The redacted statements concerning Exhibit PP on page 42, paragraph 188 of MaxLinear's SOUF

- The redacted statements concerning Exhibit VV on page 46, paragraph 213 of MaxLinear's SOUF

The right of public access to judicial documents is presumptive but "not absolute." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "Courts in this Circuit regularly seal information that might disclose trade secrets or confidential business information." *Iacovacci v. Brevet Holdings, LLC*, 2022 WL 101907, at *2 (S.D.N.Y. Jan. 11, 2022); *see also Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, ... and the like satisfy the sealing standard." (quotations omitted)). Moreover, "'[t]he privacy interests of innocent third parties ... should weigh heavily in a court's balancing equation.'" *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (citations omitted).

Here, CommScope seeks to permanently seal MaxLinear's exhibits FF, PP, and VV, which reflect confidential business information concerning CommScope's strategic business decisions concerning product development, including nonpublic customer strategic discussions and confidential research and development.

If the information that is the subject of CommScope's sealing request were disclosed publicly, CommScope would suffer "competitive disadvantage" because CommScope's competitors would gain access to that information. *See, e.g.*, *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 2008 WL 199537, at *7-8 (S.D.N.Y. Jan. 22, 2008) (protecting from disclosure information that could be used by a competitor to "deduce [a party's] negotiation tactics" and that could cause "significant competitive disadvantage"); *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (granting motion to seal documents containing "trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like" because such "[n]on-public data is . . . sensitive and potentially damaging if shared with competitors").

Moreover, publicly disclosing the details of CommScope's strategic analysis, including customer preferences, strategies, and research and development, could put CommScope and/or its customers at a disadvantage in future negotiation if competitors had access to that information. *See, e.g.*, *Standard Inv. Chartered*, 2008 WL 199537, at *7-8. Further, the information at issue relates to CommScope's confidential business information and, if disclosed, "may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (citations omitted).

Accordingly, any public interest in gaining access to these materials is outweighed by CommScope's commercial interests and by the competitive harm that CommScope may suffer as a result of disclosure. *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (finding that information concerning "third parties' customers, as well as information concerning their trading strategies, objectives, and transactions" overcomes the presumption of public disclosure).

The Court has previously permitted the sealing of similar documents at the request of both Comcast and MaxLinear. *See, e.g.*, ECF Nos. 311, 362, 366.

* * *

For the foregoing reasons, CommScope respectfully requests that MaxLinear's exhibits FF, PP, and VV be permanently sealed in their entirety and that the corresponding redactions in MaxLinear's SOUF identified above also remain permanently sealed.

We are available to provide any additional information that would be helpful to the Court and thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Eric DuPont*
Eric DuPont

CC: All Counsel of Record (via ECF)